P. A. FOSTER *vs.* E. H. MOULTON, impleaded, etc.

July 17, 1886.

**Corporation de Facto—Action against Individual Members.**—Articles of incorporation of a "Mutual Benefit Association," apparently intended as a sort of mutual insurance company, were duly executed by defendants, and duly recorded with the register of deeds and secretary of state. M. became a member of the association, paid his dues, and received a certificate of membership, and sustained bodily injury entitling him, as *such member*, to pecuniary benefit, to recover which this action is brought against the original signers of the articles of association as individual persons. The association did not become a corporation *de jure*, not having complied with the statute so as to become an insurance corporation *de jure*, and not being a "benevolent society," under Gen. St. 1878, c. 34, title 3. *Held* that, although not a corporation *de jure*, the association is, as between its members, to be regarded and treated as a corporation *de facto*, and hence this action against the defendants as individual persons will not lie.

Appeal by defendant E. H. Moulton from an order of the district court for Blue Earth county, *Severance*, J., presiding, overruling his separate demurrer to the complaint.

*Rea, Kitchel & Shaw*, for appellant.

*P. A. Foster*, respondent, *pro se.*

BERRY, J. The complaint in this action sets out what purport to be the articles of incorporation of a mutual benefit association, which appears to have been intended to be a sort of mutual insurance company, and alleges that said articles were duly executed by defendants, and duly recorded with the register of deeds and secretary of state; that one McCarthy became a member of the association, paid his dues, and received a certificate of membership; that he sustained bodily injury entitling him, as such member, to pecuniary benefit; that the amount due him under the terms of his membership has not been paid; and that he has duly assigned his right to such benefit to the plaintiff.

The association did not comply with the statute so as to become an insurance corporation *de jure.* The appellant (one of the defendants) contends that it was duly incorporated as a benevolent society under Gen. St. 1878, *c.* 34, title 3. This cannot be so, for it is no more a *benevolent* society than any mutual insurance company, or other mutual company, or any partnership of which one member undertakes to do something for the pecuniary advantage of another member, in consideration of the undertaking of the latter to do a like thing for him. The undertaking is not in any proper sense *benevolent,* but it is for a *quid pro quo;* it is paid for. *People* v. *Nelson,* 46 N. Y. 477. The association involved in the case at bar is, in substance, for purposes of *mutual insurance.* *State* v. *Merchants' Exch. Mut. Benev. Soc.,* 72 Mo. 146; *State* v. *Benefit Ass'n,* 6 Mo. App. 163; *Com.* v. *Wetherbee,* 105 Mass. 149; May, Ins. § 550a.

But notwithstanding it is not a corporation *de jure,* we think it must, at least, as between its members, be regarded as a corporation *de facto.* It is manifest that the understanding between the members, and the basis upon which certificates of membership were issued, was that the association was a corporation in fact as it was in form. Morawetz, Priv. Corp. § 139. It never could have been intended or expected that the members of the association, whether orig-

inal founders,—members like defendants,—or those who should become members by joining at any time, should or would be liable as individuals, either jointly or severally, to any particular member who should, by virtue of and under the terms of his membership, become entitled to pecuniary relief or benefit. On the contrary, the intention and the real contract was that the association, as a corporation in the contemplation of the parties, *i. e.*, the members, should be liable, and the association only. In such a state of facts, though the association is not a corporation *de jure*, and perhaps not for every purpose a corporation *de facto*, it is, as between the members themselves, to be treated as a corporation *de facto*, (for that is the way in which the *contract* of the parties treats it;) and the right of a member to pecuniary benefit from the association by virtue of his membership must stand upon the basis that it is a corporation *de facto*. Being presumed to know the significance of his membership, its rights and liabilities, (*Coles* v. *Iowa State Mut. Ins. Co.*, 18 Iowa, 425,) he is estopped to take any other position. This is not only intrinsically just and fair, but it is in accordance with the principles of the authorities. Morawetz, Priv. Corp. §§ 131, 132, 134–137; *Buffalo & A. R. Co.* v. *Cary*, 26 N. Y. 75, followed in 57, 64, 67, N. Y., and 95 U. S.; *White* v. *Ross*, 4 Abb. Dec. 589; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Eaton* v. *Aspinwall*, 19 N. Y. 119; *Sands* v. *Hill*, 46 Barb. 651; *Sanger* v. *Upton*, 91 U. S. 56; *Chubb* v. *Upton*, 95 U. S. 665.

It is important to bear in mind that no fraud is alleged against defendant; and, further, that this is a case in which a member of the association is seeking relief by virtue of his membership. If the action were between a purported or pretended corporation, which was wholly unauthorized and invalid, and a stranger, different rules and principles might, in some circumstances, be involved.

The application of the foregoing views is that, the action having been brought against defendants as individuals merely, the general demurrer of the appellant, who was one of the defendant members of the association, was erroneously overruled. The overruling order is accordingly reversed.