STATE OF MINNESOTA *ex rel.* Moses E. Clapp, Attorney General, *vs.* J. H. CRITCHETT and others.

May 12, 1887.

Corporations— Benevolent Societies — Endowment Association.—An association whose purpose is to endow the wife of each member with a sum of money equal to as many dollars as there are members of the association, to be raised by assessment on them, is not a "benevolent society," for the purposes of incorporation under Gen. St. 1878, *c.* 34, § 166.

Same — Amendment of Invalid Articles.—Where articles of incorporation filed are void, they cannot be made good by amendment, though the amended articles are properly filed.

Same—Articles held Invalid.—Articles signed by only two persons *held* not good as original articles of incorporation, under Laws 1885, *c.* 184.

The attorney general having filed an information in this court, to ascertain by what warrant the respondents claim to exercise corporate powers under the name of "The Single Men's Endowment Association of Minnesota," the respondents answered, setting out the alleged articles of incorporation and the amendments thereto recited in the opinion, under which they claim the right to exercise corporate powers. The matter was heard upon the information and answer.

*Moses E. Clapp*, Attorney General, and *Gilfillan, Belden & Willard*, for the State.

*George H. White*, for respondents.

GILFILLAN, C. J.  *Quo warranto*, to ascertain by what authority a certain association styled "The Single Men's Endowment Association of Minnesota," acts as and assumes to be a corporation. In 1881 three persons signed, sealed, acknowledged, and filed with the secretary of state articles of association, declaring the purpose of the association to be to endow the wife of each member, when he shall have married, with a sum of money equal to as many dollars as there shall then be members, to be collected from the members by assessment; the fee for admission of members to be $10, the semi-annual

dues $2, the amount of each assessment $1.25, and to be no capital-stock. In December, 1885, the president and secretary of said association signed, sealed, verified, and filed with the secretary of state what purport to be articles of incorporation as amended by a majority vote of the members of the association at a meeting thereof, and procured from the state insurance commissioner a certificate that the association was duly organized under the laws of the state, and authorized to transact business as an assessment association. The general purposes and business of the association were not changed by these latter articles.

The association could not become incorporated under either title 1 or title 2 of chapter 34, Gen. St. 1878, for those titles relate only to corporations having a capital stock. The only provision of the General Statutes under which it can be claimed that a corporation may be created in the manner and for the purposes of this association is in title 3, § 166; and it could be incorporated under that provision only if it can be regarded a "benevolent society" within the meaning of that section. It is clear from the plan of the association that it was not intended to bestow any benefit or help without what was thought to be an equivalent. As said by the court in *Foster* v. *Moulton*, 35 Minn. 458, (29 N. W. Rep. 155,) in which case the association was in most respects similar to this: "The undertaking [*i. e.*, the undertaking to pay] is not in any sense benevolent, but is for a *quid pro quo;* it is paid for." The decision in that case was that the association was not a "benevolent society" under the statute, and it controls the decision of this case as to that point. There being, at the time when the first articles in this case were filed, no authority to organize such a corporation as this claims to be, of course the first attempt to incorporate was abortive. And, of course, there could be no amendment to those articles that would give life to what before had none.

The second articles could be of no avail, except as original articles of incorporation; and they were ineffectual to organize a corporation under Laws 1885, *c.* 184, for the reason that the chapter contemplates articles to be signed by any number not less than nine, while

those in this case were signed by only two persons. The association did not, therefore, become a corporation by virtue of either set of articles filed.

Judgment ordered for the state.