For the reasons above stated, a new trial must be allowed.

---

STATE OF MINNESOTA, *ex rel.* Moses E. Clapp, Attorney General, *vs.* J. A. STEELE and others.

November 11, 1887.

Corporations—Reincorporation — Former Attempt Invalid.—Laws of 1885, c. 184, § 11, authorizing the reincorporation of "any existing corporation, association, or society, * * * incorporated under the laws of this state," *held* applicable to associations whose attempted incorporation under prior statutes had been unauthorized and ineffectual.

Same—Authority of Directors to Reincorporate — Presumption. — A majority of the directors of such an association having performed the acts prescribed in that statute, for the purpose of effecting a reincorporation, and the association having thereafter acted as a corporation, it will be presumed, upon proceedings of *quo warranto* on the part of the state to test the question of a corporate existence, that such action of the directors was authorized by the other members of the association.

*Quo warranto.* The information and answer show the facts recited in the opinion. The purposes of the respondents' association, as set out in their articles upon their attempted incorporation in 1883, were "to endow children under 12 years of age with a fund to become theirs at age, and to afford mutual protection and relief to parents and others against the embarrassments often met in furnishing a more complete education to children."

*Moses E. Clapp,* Attorney General, and *Albert F. Foster,* for the State.

*J. C. Haynes* and *R. C. Benton,* for respondents.

DICKINSON, J. This is a proceeding of *quo warranto* upon the information of the attorney general, bringing in question the authority

of the respondents to exercise corporate powers which they have assumed to do under the name of the "Educational Endowment Association of Minneapolis." In 1883 the association attempted to become incorporated, pursuant to the provisions of the General Statutes; but in view of the decision in *Foster* v. *Moulton,* 35 Minn. 458, (29 N. W. Rep. 155,) and *State* v. *Critchett, ante,* p. 13, it is now conceded that such attempt was ineffectual, because the purposes of the association were not within those for the accomplishment of which corporations were then authorized to be formed.   Under that attempted incorporation the association conducted business as a corporation until after the enactment of chapter 184 of the General Laws of 1885, when an attempt was made to perfect an incorporation under that law, by the filing of a declaration, as prescribed by section 11 of the act, executed by a majority of the board of directors of the association.   On the part of the state, it is now claimed that the latter attempt was also ineffectual, for the reasons which we will now consider.

It is said that section 11 of the act is applicable only to existing corporations, not to associations having no legal corporate existence. We are of the opinion that such is not the proper construction of the law; but that it was within the purposes of the legislature to authorize the incorporation, in the manner specified, of associations which had attempted and assumed to have become incorporated under the laws of this state, and which were transacting the business of insurance in the manner specified in this act.   Section 11 declares that "any existing corporation, association, or society, transacting business of life, endowment, or casualty insurance upon the co-operative or assessment plan, and incorporated under the laws of this state, may reincorporate under the provisions of this act, by filing," among other things, a prescribed declaration executed by "a majority of its board of directors, trustees, or managers."   It is to be presumed that the words "association or society" were intended to have some meaning and effect.   It is unreasonable to suppose that they were employed as mere synonyms for "corporation," in the proper sense of that word, or to indicate more clearly that that word was used only in its proper signification of a legally created body.   The word "cor-

poration" could not be made more clearly to bear that, its proper legal and popular meaning, by the apposition of the words "association or society," used synonymously with, or to characterize, the former word.  They are words of a different import.  We are unable to ascribe to them any effect as here used, unless they refer, as they naturally do, to something other than legally created corporations.

We are further led to this construction from the fact that to limit the applicability of this section to legally incorporated bodies would seem to deprive it of all practical effect; for, prior to this act of 1885, no general law had authorized the formation of corporations for the purposes here specified, and this the legislature is presumed to have known when it passed this law.

It is further contended, on the part of the state, that the legislature could not empower the majority of the board of directors of this association to represent or bind their associates by articles of reincorporation executed only by such majority, and that the action of the directors was not the action of the association.  This is, perhaps, true.  But it needed only an authorization or assent on the part of the other associates to justify and make effectual what was done pursuant to the statute.  It does not affirmatively appear whether or not there was such authorization or assent; but we are inclined to think that, since this proceeding, although nominally directed against the respondents particularly named, is in reality against the association or body claiming to be a corporation, and acting as such through these respondents as its officers, it should be assumed, for the purposes of this inquiry on the part of the state, that the whole association, in whose behalf corporate rights are claimed, had acquiesced in the action of the officers through which, if at all, the incorporation was effected.

These grounds, upon which the attempted incorporation is claimed to have been ineffectual, being, as we think, untenable, judgment will be for the respondents.