LUELLA SCHEUFLER *vs.* GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF MINNESOTA.

January 16, 1891.

Defendant Charged as a Corporation.—The defendant, having held itself out to be a corporation, and having contracted with the plaintiff as such, *held* to be chargeable as a corporation.

Mutual-Benefit Insurance—Default in Payment of Dues—Burden of Proof.—The contract of the defendant, in its nature one of life-insurance, embraced the promise of the defendant to pay to the plaintiff a specified sum upon the death of her husband, who was a member of the defendant order, but with the express condition that he should comply with all the rules and requirements of the order. The plaintiff, suing on that contract, alleged generally such compliance. The defence was that he had been delinquent in the payment of dues and assessments particularly stated in the answer. *Held*, that the burden of proof as to such default was on the defendant.

Same—Default in Paying Assessment— Notice a Prerequisite.—The members of the order were required, by its constitution, to pay specified assessments on the death of a member, for the maintenance of the beneficiary fund, and by neglect to make payment within a time specified a member *ipso facto* forfeited his rights under the beneficiary contract. *Held*, that notice of such assessments made upon members must be given to them before they could be deemed to be in default for non-payment.

Same—Forfeiture only on Suspension.—Peculiar provisions of the contract between the corporation and the assured member, found in its constitution and by-laws, construed as contemplating that specified dues shall be payable quarter-yearly at specified periods without notice, but that a member does not forfeit his rights under the contract of insurance merely by neglect to comply with this requirement; that only by a formal suspension from the order for such cause are such rights forfeited.

**Same—Ex parte Suspension Ineffectual.**—It being contemplated by the constitution of the order that suspension shall not necessarily result from the non-payment of dues, the lodge being authorized to "otherwise direct," and in view of the general rule that such rights of membership are not to be declared to be forfeited without notice or opportunity to be heard, *held*, that a declared suspension, *ex parte* and without notice, is ineffectual to terminate the obligation of the defendant under the contract.

**Findings of Fact—Error without Prejudice.**—Erroneous findings of fact afford no ground for a new trial, where it is apparent that if such findings had been different the result would necessarily have been the same..

Action brought in the district court for Ramsey county on a certificate for $2,000, issued by defendant to August Scheufler, and payable, upon his death, to the plaintiff, who is his widow. A jury was waived, and the action tried by *Kelly*, J., who ordered judgment for plaintiff. The defendant appeals from the judgment and from an order refusing a new trial.

*Walter H. Sanborn, Joseph A. Eckstein,* and *Kueffner & Fauntleroy,* for appellant.

*F. F. Wilde* and *James Schoonmaker,* for respondent.

DICKINSON, J. The plaintiff is the widow of August Scheufler, who died June 15, 1889. A recovery is sought upon a "beneficiary certificate" executed to the deceased, in April, 1884, by the defendant, in accordance with its constitution. This certificate declared that Scheufler was entitled to all the rights and privileges of membership in the order, and to participate in the beneficiary fund of the same to the amount of $2,000, and that at his death such sum should be paid to his wife, this plaintiff, subject, however, to the "express condition that said August Scheufler shall in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof." The defence rests chiefly upon the facts, specifically alleged in the answer, that Scheufler did not comply with this condition of the contract; that as early as the year 1885, and always after that, Scheufler failed to comply with this condition in that he did not pay the "dues" which, by the terms of the constitution and by-laws of the order, he was required to pay quarter-yearly, and in that he

v 45m.—17

did not pay certain assessments made upon the occurrence of the death of other members; that for these causes he had been suspended from membership in the order, and that the beneficiary certificate had ceased to be obligatory upon the defendant. The cause was tried by the court without a jury, and decided in favor of the plaintiff.

As to the issue concerning the corporate character of the defendant, we refer to *Jewell* v. *Grand Lodge*, 41 Minn. 405, (43 N. W. Rep. 88,) and *Foster* v. *Moulton*, 35 Minn. 458, (29 N. W. Rep. 155.) It appears that the defendant held itself out as a corporation, and it seems to have acted as such in making the contract in question. It is therefore chargeable as a corporation in this action whether it has a legal corporate existence or not.

Although in the complaint it was alleged generally that Scheufler had performed all the conditions of the contract on his part, and had paid all dues and assessments, yet it was incumbent upon the defendant, which had in defence alleged specifically the default of Scheufler to pay particular assessments and the dues for a specified period of time, to show such default, whereby the obligation of the defendant, admitted to have once existed under the contract, is claimed to have terminated. *Tobin* v. *Western Mut. Aid Society*, 72 Iowa, 261, (33 N. W. Rep. 663;) *Hodsdon* v. *Guardian Life Ins. Co.*, 97 Mass. 144, 147; *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind 110. After the death of the insured member such matters may be deemed to be peculiarly within the knowledge of the surviving corporation.

The court expressed itself as satisfied that dues had become payable and that assessments were made, as alleged in the defence, but it was considered to be also incumbent on the defendant to show that notice had been given to Scheufler of such dues and assessments, and that the defendant had failed to make proof of such notice. There can be no doubt that, as to assessments such as are here referred to, notice to each member assessed is necessary, and in the absence of notice he cannot be deemed to be in default. The constitution of the defendant (article 14) prescribes that notices shall be given. These assessments are made upon the death of master workmen "in good standing" in a subordinate lodge, and who were entitled to share

in the benefits of the beneficiary fund.    Before an assessment should be made on account of such a death the proper officers of the lodge are to be informed, not only of the fact of death, but that the deceased was entitled to such benefits; hence notice of assessment should be given as the constitution provides, for no other provision is made for informing a member subject to assessment that such a charge rests upon him.    Notice having been given, the assessment is then made, payable on or before the 28th day of the month in which notice has been given, the notice being given not later than the 8th day of the month.    By express provision of the constitution, one who neglects to make payment within the time above stated "shall forfeit all his rights under said certificate," and his certificate "shall, by the fact of such non-payment, stand suspended, and no action on the part of the lodge or any officer thereof shall be required as essential to such suspension."    Other provision is made for reinstating a member thus in default.    The terms of the contract being as above indicated, the fact of the non-payment of an assessment by a member who has been notified of the assessment suspends the right to recover upon the contract in the event of his death while thus in default.    Nibl. Mut. Ben. Soc. 314–316; *Yoe* v. *Howard Mut. Ben. Ass'n*, 63 Md. 86.

To determine the conditions or circumstances under which the obligation of the defendant upon its beneficiary contracts may be suspended or terminated by reason of the non-payment of dues, we must refer to several other provisions of the constitution and by-laws, which enter into and are to be deemed parts of the contract.    *Mills* v. *Rebstock*, 29 Minn. 3b0, (13 N. W. Rep. 162.)    The constitution for the government of subordinate lodges requires each member to pay quarterly in advance, to commence with the date of his first degree, such sum as shall be prescribed by the by-laws.    Article 11, § 1.    Section 2 declares that any member who neglects or refuses to pay his dues for the period of three months "shall not be entitled to vote, and shall be disqualified from holding office;" and upon such neglect or refusal for the period of six months, "he shall be reported to the lodge by the financier, and the master workman shall, unless otherwise directed by the lodge, thereupon declare such member suspended from the order."    Article 10, relating to the duties of officers, requires (section

7) the financier, an officer of the subordinate lodge, to notify all members in arrears to the amount of three months' dues, and when a member is in arrears to the amount of six months' dues he is to notify the master workman of the fact.   The by-laws prescribe that the dues shall be six dollars per annum, "payable quarterly in advance; that is, during the first month of each quarter.   A member who fails to pay his dues during the first month of the quarter is excluded from the benefits of the lodge during that quarter."   In the constitution of the grand lodge the "beneficiary article" above referred to provides (section 14) that "any member suspended or expelled from the order for any cause whatever forfeits claims to the beneficiary fund during such suspension or expulsion."   From the above provisions of the constitution and by-laws of the order, we conclude that the mere fact of the non-payment of dues does not suspend or terminate the obligation of the defendant under contracts like that under consideration, but that such a forfeiture of the rights of the member is not incurred until he has been suspended or expelled for that cause.   This we deem to be the proper construction of the provisions to which we have referred, bearing in mind the principle that the provisions relating to a forfeiture of the rights of a member are to be strictly construed in his favor.   The constitution and by-laws make specific provision as to the consequences of the default of members in the performance of their obligations; and the distinction in the prescribed consequences, as respects default in the payment of assessments and of dues, is important.   As to the former, it is distinctly declared that non-payment *ipso facto* operates to suspend the delinquent member and to forfeit his rights under the beneficiary certificate.   There is no such provision respecting the non-payment of dues.   The consequences of the non-payment of dues are also explicitly stated, but they are very different from that resulting from the non-payment of assessments; and what is expressly mentioned excludes the inference that a forfeiture not expressed was intended to be included.   Default to pay the quarterly dues within the month when they should be paid excludes the member from "the benefits of the lodge during that quarter."   After default for three months he "shall not be entitled to vote, and shall be disqualified from holding office;" and after his default shall have

continued for six months he may be, but is not necessarily to be, "suspended from the order." The lodge may otherwise direct, in which event he is not to be suspended, although in default. In view of these specific express provisions, and of that in the constitution, that any member suspended or expelled forfeits his claim to the beneciary fund, it is not to be considered that such forfeiture results also merely from the non-payment of dues, without suspension therefor. What is thus specific and express must control in the construction of these instruments, notwithstanding the provision in more general terms which indicates that assessments are to be made on the death of members "in good standing" only, although it may be that such an expression, if standing alone, would not be deemed applicable to a member in default in the payment of the prescribed dues.

We have not overlooked section 12 of article 14 of the constitution of the defendant, entitled "Beneficiary Article," declaring that "any member in arrears for the period of six months shall stand suspended from all benefits and privileges of the order. His beneficiary certificate shall be reported to the grand recorder as annulled, and he shall not again be admitted to membership except as provided for in section 13 of this article." If it be conceded that this section was intended to refer and be applicable to the non-payment of dues, it must be read in connection with the other provisions above referred to, and particularly section 2 of article 11 of the constitution for the government of subordinate lodges, which must be regarded as modifying what might seem to be the meaning of section 12, standing alone, so that, taking the whole of these provisions on the subject, it is considered that it was not intended that the mere non-payment of dues for six months should of itself operate to suspend a member without any action to that end on the part of the lodge; but rather that it should be essential to suspension for that cause that there be a determination and declaration to that effect, as specified in section 2 of article 11 above recited. The specific provision controls the more general.

May a member be thus suspended and his rights forfeited without any notice to him or opportunity to be heard before the body by whose determination his rights are thus affected? This would be contrary

to the general rule of law in such cases, unless at least such a proceeding is clearly contemplated by express provisions of the contract. *People* v. *Medical Society*, 32 N. Y. 187; *Medical Society* v. *Weatherly*, 75 Ala. 248; *Com.* v. *Pennsylvania Ben. Inst.*, 2 Serg. & R. 141; *Com.* v. *German Society*, 15 Pa. St. 251; *Pulford* v. *Fire Department*, 31 Mich. 458; *Olmstead* v. *Farmers' Mut. Fire Ins. Co.*, 50 Mich. 200, (15 N. W. Rep. 82;) *Wood* v. *Woad*, L. R. 9 Exch. 190, (10 Moak, Eng. R. 372.) We find nothing in the constitution or by-laws in this case either expressly declaring or justifying the inference that notice is not necessary. That is not to be inferred from the absence of any provision on the subject. On the contrary, if by the terms of the contract the action of the lodge or of the master workman, "unless otherwise directed by the lodge," declaring the suspension of a member, with the consequent suspension or extinguishment of his rights under the contract of insurance, is to have that effect, notice to him, or an opportunity to be heard, must be given. It is true that the non-payment of dues for the period of six months constitutes a cause for suspension; but even where there has been such default, suspension therefor does not necessarily follow, for even in such a case it may be "otherwise directed by the lodge." Whatever facts might induce the lodge to forbear from suspending, such as sickness, insanity, or other misfortune, the member has a right to show before the lodge for its consideration. So, too, while it is true that the dues are certain in amount and payable at specified times, so that no notice would seem to be necessary to inform a member of his duty in this respect, yet one may come to be in default without being personally cognizant of it, as where one has intrusted the payment to an agent who has failed to discharge his duty. But again, a member may be charged and reported to the lodge as being in default when in fact he is not. Such considerations are sufficient to point to the necessity of notice before the rights of a member shall be prejudiced by the action of the master workman or of the lodge upon an alleged default.

From the foregoing premises we are led to these conclusions: *First.* Notice of an assessment on account of the death of a member must be given to surviving members; and if this be not shown, the latter are not to be deemed to be in default, nor are their rights under ben-

eficiary contracts like that in question suspended. *Second.* The mere non-payment of dues does not of itself operate to suspend the obligation of the defendant upon such a contract; suspension of the member for such cause is also necessary to effect that result. *Third.* Notice or opportunity to be heard is necessary to justify suspension for such cause, and a declaration of suspension *ex parte* is of no effect. It is unnecessary to decide whether it is essential that notice be also given to a member after he shall have been in default in the payment of dues for the period of three months.

Without having specifically referred to the defendant's numerous assignments of error, we have expressed our decision upon nearly all of the points presented by them. It may be said generally of the rulings of the court to which exception was taken that they were based upon a theory of the law substantially in harmony with the views which we have expressed. The defendant did not prove nor offer to prove that notice was given to Scheufler of assessments as to the payment of which he is alleged to have been delinquent; nor that notice was given to him prior to and concerning the action of the lodge upon his alleged default in the payment of dues. The court stated briefly, as its findings of fact, that all the allegations of the complaint were true, and that the other allegations in the pleadings were not true. Such findings were not strictly in accordance with the facts disclosed at the trial; for certain facts were proved as alleged in the answer of the defendant, such as the existence of certain provisions in the constitution and by-laws of the order; that assessments were made, and that dues became payable; but none of these matters concerning which the findings may be said to be erroneous entered into the decision of the case; and if the findings had been in accordance with the facts shown, the result must have been the same. The error is hence immaterial.

Order and judgment affirmed.