WILLIAM GEORGESON, Respondent, *v.* JAMES S. CAFFREY, as Treasurer of the Empire Mutual Union of Syracuse, N. Y., Appellant.

*An order of substitution not appealed from when no motion was made to set it aside, is not reviewable on appeal — sufficient proof of incorporation — invalid by reason of the engagement in an unauthorized business — members of an unincorporated association personally liable for a claim.*

Where no appeal has been taken from an order substituting a person as the defendant in an action, and such order is not mentioned in the notice of appeal, and no motion is made by him to set it aside, he is not in a position to review the same.

Proof of the filing and recording of a certificate of incorporation, in the office of the county clerk and of user, where no evidence is given that the certificate was not filed in the office of the Secretary of State, is ordinarily sufficient evidence of incorporation.

Query, whether a person can, for the purpose of throwing a personal liability upon the members of a company, of which he is himself a member, claim that the incorporation, or attempted incorporation, of the company, is invalid by reason of the circumstance that he and his associates engaged in a business that the act did not allow.

To entitle a plaintiff to the benefit of section 1919 of the Code, he must allege and prove that all the members of an association were liable, either jointly or severally, to pay his claim.

An attempt was made to form a corporation, under chapter 267 of the Laws of 1875, for the purpose, as stated in the certificate, of gathering together, in social and friendly union, persons of good character and standing, of assisting the members of said society in obtaining help, aid and employment both outside and among themselves, of joining together the members in mutual efforts to assist each other in economic and benevolent purposes and enterprises, and of providing regular relief, aid and benevolence among the members, and of promoting, in every manner possible, the interest of the members among themselves. It was provided that any person might become a member by making application and paying the admission fee and a certain sum per month on each certificate held by him during his continuance of membership.

The trustees were authorized to employ a manager and to pay him a reasonable salary out of a particular fund, and employed a member of the association as such manager.

In an action brought by such manager to recover his salary,

*Held*, assuming that the association so formed was an unincorporated association having seven or more members, and that the plaintiff was in a position to take advantage of that fact, that the evidence did not authorize the finding that all the members of the association were personally liable to the plaintiff, and that a motion for a nonsuit should have been granted.

APPEAL by the defendant, James S. Caffrey, as treasurer of the Empire Mutual Union of Syracuse, from a judgment entered in the office of the clerk of Onondaga county on the 29th of November, 1892, upon a verdict rendered at the Onondaga Circuit on the 21st of November, 1892, for $749.42, in favor of the plaintiff, with notice of an intention to bring up for review upon such appeal the order denying a motion for a new trial, errors in the judgment, and all other questions of irregularity, law or fact, disclosed by the record.

The action, when commenced on the 5th of January, 1892, was

against Frederick H. Ebeling, as treasurer of the Empire Mutual Union. In the complaint it was alleged that said union was an unincorporated association, composed of seven or more persons, and that Ebeling was at the time of the commencement of the action the treasurer of the association; that the plaintiff was its general manager from the 2d day of December, 1890, to the 20th of November, 1891, at an agreed compensation of twenty-five dollars per week, and that at the commencement of the action there was due and unpaid to the plaintiff on account of such services, the sum of $683.37, with interest from November 20, 1891. The answer contains a general denial.

Upon the trial it appeared that on the 26th of September, 1890, the plaintiff and four others, duly executed and acknowledged a certificate purporting to be a certificate of incorporation of the Empire Mutual Union of Syracuse, N. Y. This certificate stated a desire to form a society for social, mutual benefit, and benevolent purposes, pursuant to chapter 267 of the Laws of 1875, entitled " An act for the incorporation of societies or clubs for certain lawful purposes," and the acts amendatory thereof, and that the particular business and objects of the society were as follows: " To gather together in social and friendly union persons of good character and standing; to assist the members of said society in obtaining help, aid and employment, both outside and among themselves; to join together the members in mutual efforts to assist each other in economic and benevolent purposes and enterprises; to provide regular relief, aid and benevolence among the members; and to promote in every manner possible the interests of the members among themselves." The number of the trustees was five, and as named for the first year they were the same persons who executed the certificate. This certificate was approved by a justice of the Supreme Court, and was, on the 26th of September, 1890, filed and recorded in the office of the clerk of Onondaga county, that being the county where the office of the society was situated. It was not shown whether or not the certificate was ever filed in the office of the Secretary of State. The court below assumed that it was not. By-laws were adopted which stated that the purpose of the union " is to join together the members in mutual union and encouragement, to enable them to gather together in one sum which can be

used to some advantage the little savings which members are able to contribute." It was provided that any person might become a member by making application and paying the admission fee, and one dollar and twenty-five cents per month thereafter on each certificate held by him or her during the continuance of membership. The admission or membership fee was two dollars and fifty cents for one certificate, and one dollar and twenty-five cents additional for each additional certificate, no member to have more than four. The form or contents of this certificate do not appear in the case. The manner of payment of the monthly dues was provided for and in case of non-payment the certificate lapsed and became void and all moneys paid forfeited to the union. A general fund and a benefit fund were provided for, the general fund to consist " of the admission fee and other fees and fines and first month's dues, twenty per cent of all monthly dues and ten per cent of benefit fund for collection;" the benefit fund to consist of " one dollar per month for each certificate, less ten per cent commission for collections, and be used exclusively for members on their certificates." It was provided that " on the fifth day of each month all moneys deposited in the benefit fund shall be applied to the payment of maturing certificates after deducting $50, less the monthly dues previously paid, and readmission fees." There was also a provision that " the trustees shall appoint one as general manager, who may be removed for cause, at a salary consistent with his duties, who shall have general supervision of the business of the union."

At a meeting of the board of trustees on December 1, 1890, at which the plaintiff and four others were present, a resolution was adopted that the plaintiff " be made general manager of the Empire Mutual Union, at a salary of twenty-five dollars a week." From this time to November 19, 1891, the plaintiff continued to be manager, and this action is for the balance due him for such services. It was shown that at the time of the commencement of this action there were about 600 members of the association. At the close of the trial the defendant moved for a nonsuit upon the grounds, among others, that there was a *de facto* corporation, and it could not be treated as an association; that the plaintiff being a promoter of the company, its president, and actively interested and engaged in its organization, is estopped from denying that it is a corporation,

and that it had not been proved that the association was an unincorporated one, consisting of seven or more individuals, as required by section 1919 of the Code. This motion was denied, and defendant excepted.

In the course of the trial it appeared that Ebeling had ceased to be treasurer about the time of the commencement of the suit, and that James S. Caffrey had been elected in his place, and was treasurer at the time of the trial. At the close of the evidence the court directed the entry of an order substituting Caffrey as treasurer, etc., as defendant in place of Ebeling. To this the defendant excepted.

*Geo. H. Sears*, for the appellant.

*D. F. McLennan*, for the respondent.

MERWIN, J. :

The appellant claims that the order substituting him as defendant was erroneous. No appeal, however, is taken from the order itself; it is not specified in the notice of appeal, and no motion appears to have been made by him to set it aside. He is not, therefore, in a position to review it.

There is no evidence in the case that the certificate of incorporation was not filed in the office of the Secretary of State. Proof of filing and recording in the county clerk's office and of user would ordinarily be sufficient proof of incorporation without proof of filing in the office of the Secretary of State. (*Leonardsville Bank* v. *Willard*, 25 N. Y. 574.) If the plaintiff sought to show that the certificate never became effectual, it was for him to show the omission which produced that result. The court, I think, erred in presuming it was not filed as required by law. And it looks to me very doubtful whether the plaintiff can, for the purpose of throwing a personal liability upon members, himself claim that the incorporation or attempted incorporation is invalid by reason of the circumstance that he and his associates engaged in a business that the act did not allow. (See *Foster* v. *Moulton*, 35 Minn. 458.)

Assuming, however, that the Empire Mutual Union was an unincorporated association, having seven or more members, and that the plaintiff is in a position to take advantage of the fact, it does

not follow from that fact alone that the plaintiff is entitled to the benefit of the provisions of section 1919 of the Code. According to the ruling in *McCabe* v. *Goodfellow* (133 N. Y. 89), the plaintiff, to maintain the action, must allege and prove, and it must be found, that all the members of the association were liable, either jointly or severally, to pay his claim. Does the evidence in this case author-ize the finding that all of the members are personally liable to the plaintiff? The plaintiff was himself one of the members, and his associates did not become liable for his claim unless they in effect agreed to become so. There is no evidence of any such agreement on their part. The members, besides their admission fees, were required to pay certain monthly dues. Nothing else was required of them, and if they did not pay as required, they ceased to be mem-bers. True, the trustees were, by the by-laws, authorized to employ a manager at a reasonable salary, but the payment of this and the other expenses of the society, was provided for out of a fund raised in a particular way, and called the general fund. Con-cerning this, the plaintiff testified : "The general fund was the expense fund ; there was no separate expense fund, but the expenses were paid out of the general fund * * * officers were paid out of the general fund ; that includes me as general manager. The general fund was created in this way : admission fees and fines, and first month's dues, twenty per cent of all monthly dues, and ten per cent of benefit fund for collection." It is very clear that the trus-tees were not authorized to pledge the individual credit of the mem-bers, nor did the plaintiff have the right to expect any such thing, and there is no evidence that he did expect any such thing. He and his associates had formed, or attempted to form, a corporation, and the inference is that on the 1st December, 1890, when plaintiff was appointed manager, they supposed that a corporation existed.

As between the members, no partnership existed, for there was no agreement, expressed or implied, to that effect. (See *Lafond* v. *Deems*, 81 N. Y. 514.) The failure to incorporate did not make the members partners. (*Merchants' Nat. Bank* v. *Pendleton*, 29 N. Y. St. Repr. 891, and cases cited ; affd. *sub nom., Merchants' Nat. Bank* v. *Kirby*, 129 N. Y. 662.) There was no capital or stock, and no basis for saying that it was a joint-stock company. It was apparently a mutual aid association, with a fluctuating membership, liable to be

diminished by lapsing, and increased by new members. The case shows that when plaintiff was appointed manager, there were about 200 members, and at the commencement of the suit, about 600.

If these views are correct, the plaintiff failed to make a case within the rule laid down in the *McCabe* case, and the motion for nonsuit should, therefore, have been granted.

HARDIN, P. J., and PARKER, J., concurred.

Judgment and order denying motion for a new trial reversed on the exceptions, and a new trial ordered, with costs to abide the event.