WILLIAM H. ADAMS and Others v. NORTHWESTERN ENDOWMENT
& LEGACY ASSOCIATION.[1]

December 13, 1895.

Nos. 9581—(177).

**Endowment Association—Former Association of Same Name.**

> *Held,* that the defendant corporation is not the same person or association as the association of the same name which issued the certificate of insurance sued on, and hence is not liable thereon.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial.    Reversed.

The facts are stated in the opinion.    As conclusions of law the court found that the reorganization of the association in August, 1887, was not intended as an organization of a new and independent corporation, but was intended as a reorganization of the old corporation in such manner as to comply with the law in relation to associations of that kind passed in 1885; and that plaintiffs were entitled to judgment in the sum of $1370 and interest.

[1] Reported in 65 N. W. 360.

*Ed. T. Teitsworth*, for appellant.

*Adams & Southworth*, for respondents.

MITCHELL, J.[2]    In this action the plaintiffs seek to recover as the beneficiaries of a certificate of insurance issued in December, 1880, to one Adams by the "Northwestern Endowment & Legacy Association of Minnesota," whose name was afterwards changed to the "Northwestern Endowment & Legacy Association."    The main question in the case is whether the association which issued the certificate and the defendant corporation are one and the same person or association.

The following brief statement of facts will sufficiently outline the situation: In 1879 the association, which afterwards issued the certificate in question, was attempted to be organized under the incorporation laws of this state as a benevolent society, and assumed to do business as such until 1887.    In May of that year we held that an association formed on that plan was not a "benevolent society," that there was no authority under the statute for its organization, and hence that the attempt to incorporate it was abortive.    State v. Critchett, 37 Minn. 13, 32 N. W. 787.    In view of this decision, the officers of this illegal association, "with a few other persons," organized the defendant corporation in pursuance of the provisions of Laws 1885, c. 184 (G. S. 1894, §§ 3296–3316), adopting the same name as that of the old association. Doubtless, as appears from the record, the object of organizing this corporation was to carry on the same general kind of business which had been previously carried on illegally by the old association, and at the same time, through and with this corporation, make some arrangement by which to protect, as far as possible, those insured in the old association.

This old association had accumulated an endowment fund of over $21,000, which, on the winding up of its business, would belong to its members.    Its board of directors proposed to the corporation to transfer this fund to it, upon condition that it would credit the same to the members of the old association,—his pro rata share to each,—and that all who desired to be transferred from the old to the new association might be allowed to do so, taking credit for their share of this endowment fund in the new association, or, if they did not elect to do so, then

2 Buck, J., absent, took no part.

they might surrender their certificates, and take their share of the fund in cash. The defendant corporation accepted this proposition, and also passed a resolution offering to the members of the old association to issue them certificates for one-half the amount of their old certificates, such new certificates to expire on the same date as the old ones, and not to charge them any admission fee. Adams' pro rata share of this fund was $16.50. Although he lived over six years after this he neither accepted this proposition, nor called for his share of the fund in cash. The corporation never made any assessments against him, nor in any way recognized him as a member. On the other hand, he never paid to it any dues or assessments. The defendant corporation kept his share of the endowment fund for him for about two years in an envelope in its safe, and, it not being called for, finally turned it into its "surplus" fund.

On this state of facts the plaintiffs cannot recover against the defendant on this certificate. It is not the same entity as the old association, notwithstanding the identity of names and officers. It never made any contract with Adams. He never became a member of the corporation, and could not be compelled to do so without his consent. It takes two to make a contract. Suppose the defendant had made an assessment against him to pay one of its death losses. He certainly could not have been compelled to pay; and, if he was not liable to it as a member, certainly it was not liable to him as such. Neither did the defendant ever assume the obligations of the old association. All it ever agreed to do was to give him credit with his pro rata share of the fund, if he chose to become a member, and, if he did not, then to pay him, on demand, his share in cash. It has never refused to do either. It has $16.50 of his money in its hands, and this is all the liability it ever incurred. It is not, and never was, liable on this certificate, issued by the old association. So far as appears, the organization of the defendant corporation, and the arrangement made between it and the old association, were in entire good faith, and intended for the best interests of all concerned. There is no suggestion of any attempt to defraud or "freeze out" the members of the old association. If any such facts had appeared, a different case might have been presented.

Order reversed.