THE NEW-YORK AND SHARON CANAL COMPANY, *and* THE
SHARON CANAL COMPANY, *vs.* THE FULTON BANK.

Two *incorporated companies* may unite in an action of *assumpsit* to recover a
sum of money deposited in a bank in their joint names.
*It seems* that corporations cannot consolidate their funds, or form a partner-
ship, unless authorized by express grant or necessary implication.

THIS was an action of *assumpsit*, tried at the New-York circuit, in November, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration contained the common money counts, and the pleas were the general issue and payment. On the trial of the cause, the incorporation of the New-York and Sharon Canal Company by the legislature of the state of *New-York*, and of the Sharon Canal Company, by the legislature of *Connecticut*, was duly proved. A witness for the plaintiffs testified, that as a commissioner for taking up subscriptions to the capital stock of the two companies, the plaintiffs in this cause, he received

certain monies. The plaintiffs then *offered to prove* that such monies were received by the witness for the account of the two companies jointly, and that the same were deposited on the *joint account* of the plaintiffs, in the Fulton Bank; that by the bye-laws of the two companies, the capital stocks of the two companies had been consolidated into one stock, that the subscriptions to the stock of the two companies were originally made by the subscribers to the stock so consolidated, that the same persons were appointed officers of both companies, that both companies were under the same control and management, and that the monies sought to be recovered were received for the companies jointly, and for the purpose of making *one entire canal,* and that to procure water for the supply of the canal contemplated to be made by the canal company incorporated by the legislature of New-York, it was necessary to proceed into the town of Sharon, in the state of Connecticut; which evidence thus offered was objected to, and rejected by the judge, and the plaintiffs were *nonsuited.* The plaintiffs now moved to set aside the nonsuit, and that a new trial be granted.

*S. P. Staples,* for the plaintiffs. Corporations, like individuals, may use their funds as they see fit, provided they do not usurp powers not granted or contemplated by the government. Within this restriction, two or more corporations may unite in the purchase of property, real or personal; they may take a deed of real estate for the establishment of their houses of business, purchase bullion, and trade in bills of exchange. Insurance companies may own pilot boats in common, and canal companies may be tenants in common of locks, canal boats, and other property, subserving their mutual interests. 1 Kidd, 108. 2 Kent's Comm. 215. The *union* of the concerns of the two companies in this instance, instead of being an exercise of powers not contemplated, was absolutely necessary to carry into effect the very object of the incorporation of the companies.

*J. Hoyt & B. F. Butler,* for the defendants. It is not denied that distinct corporations may own property in common, but it is insisted that they cannot create a joint fund for an object not authorised by law, and when deprived of such fund,

UTICA,
July, 1831.

New-York and Sharon Canal Co.
v.
Fulton Bank.

<div style="margin-left-note">
UTICA,
July, 1831.

New-York
and Sharon
Canal Co.
v.
Fulton Bank.
</div>

maintain a joint action at law on an *implied promise;* their remedy, if any, is in equity. Corporations cannot consolidate their stocks, for the effect might be to create a new corporation with funds and powers not entrusted to either; thus a banking company and a canal company may unite. The charter granted by this state limits the use of the funds to the construction of a canal within this state, and grants no authority to extend its operations into another state, or to unite with a similar company in another state. If a corporation of this state may unite its funds with those of a foreign corporation, there is nothing to prevent a similar union between our own corporations, and thus a power be created which was never contemplated by the government. If a fund has been created for an unlawful purpose, and the companies have lost the possession of it, if an action can be maintained at all, it must be a separate action at law, in the name of each, or a joint suit in equity. Giving to corporations the rights possessed by individuals, they cannot bring a joint suit at law on an *implied promise,* without shewing such a relation between themselves as that the law will imply a *joint contract.* Such relation here cannot exist, as they are not authorised to unite their funds for the intended object. Notwithstanding the agreement of the companies to unite their interests, the law views them as separate and distinct bodies. 14 Mass. R. 58. 1 Pickering, 297, 395.

*Staples,* in reply, admitted that there could not be a union of corporations, but insisted that there might be a consolidation of funds for the promotion of a common object. In the fund deposited, the plaintiffs are not *partners,* but *joint owners.* The rule as to joinder of parties is as inflexible in chancery as at law, and there is no reason why the plaintiffs should be driven into that court; a court of law is as fully competent to do justice between these parties as a court of equity.

*By the Court,* SAVAGE, Ch. J. It cannot be necessary to decide whether it is in the power of the two corporations, who are plaintiffs, to consolidate their stock, or to form a partnership. General principles are against the power of corpora-

tions to do such acts. They have no powers but such as are granted, and such as are necessarily incident to the grant made to them. Corporations at common law have certain powers, but not such as would authorize the forming of a partnership, or the consolidation of two corporations into one.

These two companies had certain monies in the hands of their officer; they were both interested in those monies, and probably in equal degree. Not being partners, they were tenants in common; in that character they made the deposit of the money, and in that character I can see no objection to their sustaining an action for it. Cannot two banks or insurance companies take security from a person in failing circumstances, indebted to both? May they not be mortgagees in the same mortgage, or obligees in the same bond; or may they not take together an assignment of a chattel? If they may they can enforce their rights by action. Without looking into the transaction by which the plaintiffs became jointly interested in the fund in question, it seems to me sufficient to know that they were so interested. Their money is withheld from them; how are they to obtain it? Can each maintain an action for his share? The bank cannot know what is the share of each, and are not bound to take the responsibility of deciding that question. If each cannot bring a separate action, and both cannot unite in a joint action, then the defendants are safe in the possession of a fund acknowledged to belong to the plaintiffs; or the plaintiffs are driven into a court of chancery. In my opinion, the law affords a remedy, and in this form of action.

The nonsuit must be set aside, and a new trial granted, costs to abide the event.