THEODORE L. FRENCH and another *vs.* MICHAEL E. DONOHUE.

April 29, 1882.

**Estoppel—Denial of Corporate Existence.**—A party who has recognized an association claiming to be a corporation, by dealing and contracting with it, is deemed to have admitted its legal existence in an action on contracts made upon the faith of such transactions.

**Partnership of Corporation and Individual.**—And where an association or corporation and another have assumed to enter into a partnership, and jointly transacted business together, they may recover, by reason of their joint interest, upon obligations made to them in their partnership name, irrespective of their partnership rights and duties as between themselves, or the power of such association to execute the powers incident to a partnership.

**Same—Complaint—Objection for Misnomer.**—If, in such action, the association be joined as a party plaintiff by its company name, the objection that, being a partnership merely, the persons thereby represented should have been specially named as parties, cannot be urged after pleading to the merits and going to trial.

This action was brought in the district court for Sibley county against defendant upon his guaranty of payment endorsed upon three notes made by one Herman Anderson, payable to the Adams & French Harvester Company. The complaint alleges that the plaintiffs, Theodore L. French and the Sandwich Manufacturing Company, were, at the time of the making of the notes and at the commencement of this action, partners under the firm name of the Adams & French Harvester Company, and that the Sandwich Manufacturing Company was, during all said time, a corporation organized and existing under the laws of the state of Illinois. The answer puts in issue the partnership of plaintiffs and the incorporation of the Sand-

wich Manufacturing Company, but admits the execution of the guaranties of payment.

The case was tried before *Macdonald*, J., and a jury, and, when plaintiffs rested, the action was dismissed, on defendant's motion. Plaintiffs appeal from an order refusing a new trial.

*G. D. Emery*, for appellants.

*S. & O. Kipp*, for respondent.

VANDERBURGH, J.   This action was brought upon defendant's contract of guaranty of certain notes made to the Adams & French Harvester Company, in its partnership name, and dated July 30, 1878. The answer denies plaintiffs' allegations of partnership and the corporate existence of the Sandwich Manufacturing Company—one of the plaintiffs,—admits the due execution of said guaranty, and sets up, as an affirmative defence, an accounting and settlement of the matters in suit between the defendant and the Adams & French Harvester Company.   Upon the trial in the district court, the plaintiffs offered in evidence a certified copy of the articles of incorporation of the Sandwich Manufacturing Company, purporting to be in pursuance of the general law of Illinois.   The evidence was properly rejected by the court, because not accompanied with proof of the enabling statute, and as not properly certified and authenticated so as to be admissible, either under the laws of this state, or the act of congress.   U. S. Rev. St. § 906.

Thereupon the plaintiffs introduced certain evidence tending to show recognition or admission of the corporate existence of the last-named company by defendant in his dealings with it, and in receipting and accounting for its property, in connection with a deposition of one Adams, who testified that he was the secretary and treasurer of said company, and that during all the time in question the plaintiffs were partners under said firm name as alleged.   It also appeared in evidence that the defendant had business relations with the Adams & French Company, of which the Sandwich Company was thus shown to be a member, and that he executed the contract of guaranty of payment of said several notes in question upon the sale of plaintiffs' machinery made by him to the maker of said notes, and in pursuance of an agreement entered into between himself and

said Harvester Company, on the faith of which said machinery had been entrusted to his agency. The case was dismissed by the court for insufficiency of evidence of the alleged corporation and partnership. We think it should have been sent to the jury.

The current of authority is that corporate existence and character may be proved, *prima facie* at least, by the recognition and admissions of parties contracting and dealing with an alleged corporation. Morawetz on Corp. § 138; *Topping* v. *Bickford*, 4 Allen, 120. The distinction between such cases and those in which strict proof of charter authority and organization is required, especially where the right to exercise certain special rights and privileges is claimed, is well stated in *Chapman* v. *Colby*, (Mich.) 10 N. W. Rep. 74. But if in this case it be conceded that the evidence was insufficient to establish presumptively the existence of the Sandwich Company as a corporation, there is nothing to rebut the presumption that it has a legal existence as an association or partnership. The defendant has obligated himself to whomsoever the name represents, and he will not now be permitted to repudiate such obligations, or to deny the legal competency of said partnership, in so far as it may be necessary to enforce the same. Bliss on Code Pleadings, § 255, etc.; *Holbrook* v. *St. Paul F. & M. Ins. Co.*, 25 Minn. 299.

As to the objection to the capacity of these plaintiffs to constitute a partnership, for the reason that one of them is alleged to be a corporation, it need only be said that their organization is sufficient to establish the joint interest of plaintiffs in the contract sued on, whether they were capable of exercising all the powers of a partnership or not; and the relation of the partners between themselves does not concern this defendant. They are jointly interested in the debt, and may join in this action. *New York & Sharon Canal Co.* v. *Fulton Bank*, 7 Wend. 412.

Treating the said Sandwich Company as a partnership, as it must be considered unless it be a corporation, it is not now material to the merits of this investigation that the company name is used and joined as plaintiff, instead of the members represented by it. This objection for misnomer must be taken specially, and thereupon the rights of the parties may be saved by the proper amendment in the trial

v.29—8

court. It is too late after pleading to the merits and going to trial. Bliss on Code Pleadings, § 427; 4 Wait, Pr. 656; *Bank of Havana* v. *Magee,* 20 N. Y. 355.

Order reversed.