MINNESOTA GAS-LIGHT ECONOMIZER COMPANY *vs.* LE GRAND N. DENSLOW.

May 12, 1891.

Corporation—Estoppel of Contractor to Deny Incorporation.—The defendant recognized and contracted with the plaintiff as a corporation. *Held*, that he is estopped to deny its corporate character so far as may be necessary to enforce his contracts, made with it under its corporate name.

Same—Estoppel of Subscriber to Deny Legality of Organization or Validity of Stock.—Where a number of persons are associated together, and are acting as a corporation under color of lawful authority as such, though their corporate organization is legally defective, a subscriber to

the corporate stock, who was a promoter of the corporate organization, and who has been a party to and has acquiesced in the subsequent proceedings in incurring liabilities and issuing the stock, is also estopped to deny that the association is a corporation *de facto*, or that the stock so issued is valid.

Appeal by defendant from an order of the district court for Ramsey county, refusing a new trial after a trial before *Kerr*, J., (a jury being waived,) and judgment of $1,000 and interest ordered for plaintiff, upon its depositing with the clerk, for defendant's use, certificates for 60 shares of full-paid and non-assessable stock of the St. Paul Gas Economizer Co.

*Eller & How*, for appellant.

*Hiler H. Horton*, for respondent.

VANDERBURGH, J.[1]  This action is brought upon a promissory note made by the defendant to the plaintiff for the sum of $1,000, dated February 15, 1888, and due in four months.

1. It is found by the trial court that the plaintiff at and since the date of the note has been an acting corporation, created and organized under the laws of the state of West Virginia and doing business as such in the state of Minnesota. But the defendant denies that the evidence warrants any such conclusion, and denies that the plaintiff has any legal capacity to sue in the courts of this state as a corporation *de jure* or *de facto*. It is clear, however, that a number of persons have associated themselves together claiming to be a corporation, and under the corporate name stated have filed articles, and have received the usual certificate of incorporation under the seal of the state, and have been transacting business under such corporate name. Nor is it disputed that corporations with the powers claimed to have been granted the plaintiff are authorized to be created under the laws of the state granting the charter. The defendant has contracted with the plaintiff by its corporate name. He is not in a position, therefore, to question its corporate character. Nor is it material for the purposes of this action what the strict legal relations of the associates may be as between themselves,

[1] Mitchell, J., took no part in this case.

whether corporators, partners, or otherwise jointly interested together and acting under the common corporate name. *Holbrook* v. *St. Paul F. & M. Ins. Co.*, 25 Minn. 229; *French* v. *Donohue*, 29 Minn. 111, (12 N. W. Rep. 354.)

2. The principal defence relied on is want of consideration for the note. It is claimed to have been given for worthless stock issued by the St. Paul Gas Economizer Company, which it is alleged had no legal existence as a corporation, and no power or authority to do business in the state of Minnesota. Upon this issue the finding of the court is that the consideration of the note was the purchase price of 60 shares of full-paid non-assessable stock of the last-named company, for which the defendant had theretofore subscribed, and the price of which was to be paid to plaintiff under an arrangement made with the last-named company for a valuable consideration advanced by plaintiff to that company. It was mutually agreed by the parties hereto and the St. Paul Company that the 60 shares of stock in question should be held by the plaintiff as collateral security for the payment of defendant's note. The stock was issued in accordance with the agreement and understanding of the parties above referred to, and is still held by the plaintiff to deliver to the defendant on the payment of his note. The St. Paul Company was incorporated in West Virginia in the same manner as the plaintiff. It purchased of the plaintiff the right to use a certain patented invention for economizing the use of gas, and to use, operate, and rent certain appliances therefor within the city of St. Paul under the license and authority of the plaintiff. The business had been investigated by the defendant before the St. Paul Company was organized, and he was one of the most active promoters of that company, and its organization and subsequent proceedings were had and conducted with his acquiescence and approval, and he was selected one of its first board of directors, and acted as such, and the stock in question was issued with his knowledge and approval. The St. Paul Company issued 600 shares of paid-up non-assessable stock, to raise $10,000 to pay the plaintiff the amount of the indebtedness due to it. Of this the defendant subscribed the 60 shares in question, and, instead of paying cash therefor, made his

note directly to plaintiff for the price thereof; that is to say, the defendant, with his associates of the St. Paul Company, were instrumental in issuing this stock, and in incurring the indebtedness to plaintiff, which it is not disputed was for a valuable consideration. Instead of paying the money for the stock, which was issued in order to raise a fund to pay the plaintiff, he gave his own note directly to plaintiff for the proportion of stock thus subscribed for by him, and which was receipted for by the St. Paul Company as in full payment for such stock, and the same was issued to him, and turned over to plaintiff to deliver to him on payment of the note. Defendant is clearly estopped by his own conduct in the premises to deny in this action that the St. Paul Company was a corporation *de facto,* or to raise any question as to the validity of the consideration of the note. *Foster* v. *Moulton,* 35 Minn. 458, (29 N. W. Rep. 155,) and cases.

Order affirmed.