(Opinion published 51 N. W. Rep. 662.)

---

GEORGE H. CHRISTIAN *vs.* JOSEPH A. BOWMAN *et al.*

Argued Dec. 15, 1891.   Decided March 15, 1892.

**Evidence.**—Evidence *held* sufficient to support certain findings of fact.

**Law Validating Defective Incorporation.**—Laws 1887, ch. 132, was operative and effectual to validate the class of corporations therein designated, but that act did not interfere with vested rights, or cut off or destroy an existing right of action.

**Nonjoinder of Proper Parties as Defendants.**—The objection that there is a defect of parties defendant, by reason of the nonjoinder of one of several joint obligors, must be taken by answer, or it will be deemed to be waived.

**Assignments of Error.**—Rule ix. requires assignments of error to be separately made and numbered.   A large number of alleged errors cannot be grouped together and treated as one general assignment, covering them all.

Appeal by defendants Charles P. Haseltine and William H. Mitchell from an order of the District Court of Hennepin County, *Smith,* J., made January 24, 1891, refusing them a new trial.

The plaintiff, George H. Christian, brought this action in 1890 against Joseph A. Bowman, Charles P. Haseltine, William H. Mitchell, and Lizzie Raymond, defendants, alleging that the male defend-

ants and Myron H. Raymond, of Brooklyn, N. Y., were partners doing business under the partnership name of "Mouse River Land Company;" that under that name they made and delivered to plaintiff eight promissory notes for $1,920 each; that the notes were past due and remained unpaid in part, and claiming $9,-367.27 balance; that Raymond departed this life testate, and that Lizzie Raymond had been duly appointed executrix of his will.

Charles P. Haseltine and William H. Mitchell alone answered. They denied the alleged partnership and also denied that the Mouse River Land Company made or delivered any of the notes, and denied that the male defendants and Myron H. Raymond or any or either of them, made, executed or delivered the notes or any or either of them. The issues were tried November 20, 1890. A jury was waived. The Judge found that on January 16, 1885, the parties executed articles of incorporation under the statutes of this state. They adopted as the name of the corporation "Mouse River Land Company." Its capital stock was to be $60,000. The articles of incorporation were published but once. No affidavit of the publication was filed or recorded in the Registry of Deeds, or in the office of the Secretary of State. No certificates of stock were ever issued. There never was any meeting of the board of directors and no records kept of any proceedings of the promoters or owners or incorporators.

The Judge further found that on December 15, 1884, Joseph A. Bowman, Charles P. Haseltine, William H. Mitchell, and Myron H. Raymond entered into a contract with one Calvin E. Brown to purchase of him a half interest in 21,120 acres of land in La Moure county, North Dakota, and to pay him forthwith $12,224.40 thereon. It was further agreed between them in the same contract that Bowman was to have three eighths, Raymond and Mitchell each two eighths, and Haseltine one eighth of this half interest purchased. Brown was to manage and control the sale of the land and act as the representative of all the parties, and as fast as lands were sold pay from their half the balance of the purchase price, and divide the residue among the parties in the proportions stated. The notes given plaintiff were signed "Mouse River Land Com-

pany per Joseph A. Bowman, Pres'd," and were secured by a mortgage on some of these lands, signed in the same way and also signed "Calvin E. Brown, Secretary." The mortgage was acknowledged in the manner prescribed by Laws 1883, ch. 99, for corporations.

As conclusions of law, the Judge held that the attempted incorporation was abortive and that Laws 1887, ch. 132, did not cure the defect, because the parties had done nothing to show that they accepted the curative act. This is what is said in the opinion to be the wrong reason. The Judge further found that the parties were associated in business, carrying it on, under the name "Mouse River Land Company," and that as the objection that Brown was not made a defendant was not taken by the answer, that irregularity was waived; and he ordered judgment for the amount due on the notes. The two defendants who answered, moved the trial court to grant a new trial, and being denied, they appealed to this court.

The seventh and ninth assignments of error filed in this court under Rule nine are as follows:

7th. The court erred in finding as a conclusion o. law that Bowman, Haseltine, Mitchell, Raymond, and Brown were associated in business, and carrying it on under the name of the "Mouse River Land Company," and that defendants are liable to the plaintiff for the amount due thereon.

9th. The court erred in refusing to dismiss the case on defendants' motion, and in ordering judgment for the plaintiff against the appellants.

*Cross, Carleton & Cross* and *S. A. Reed,* for appellants.

The execution of the contract with Calvin E. Brown did not create any partnership relation between the parties to it, nor partnership liability to outside parties, nor make them associates in business. *Gibson* v. *Lupton,* 9 Bing. 297; *Farrand* v. *Gleason,* 56 Vt. 633; *Quackenbush* v. *Sawyer,* 54 Cal. 439; *Chapman* v. *Eames,* 67 Me. 452; *Munson* v. *Sears,* 12 Iowa, 172; *Sears* v. *Munson,* 23 Iowa, 380; *Bruce* v. *Hastings,* 41 Vt. 380; *Treiber* v. *Lanahan,* 23 Md. 116; *Goell* v. *Morse,* 126 Mass. 480.

An agreement to buy the whole land in common does not create a partnership. *Huckabee* v. *Nelson*, 54 Ala. 12; *Post* v. *Kimberly*, 9 Johns. 503; *Gilmore* v. *Black*, 11 Me. 485; *Sikes* v. *Work*, 6 Gray, 433; *Ballou* v. *Spencer*, 4 Cow. 163.

The bare attempt to organize a corporation, or the bare organization of a corporation, and the naming of a president and a secretary, would not alone render the individuals attempting to form or forming the same, liable for unwarranted or unauthorized acts of the president and secretary. *Johnson* v. *Corser*, 34 Minn. 355.

The articles of incorporation vest the sole management of its affairs in the board of directors, and of course no transaction of such a nature could be transacted without its authority, nor could it be done by the individuals composing the board. *Baldwin* v. *Canfield*, 26 Minn. 43; *Western Land Ass'n* v. *Ready*, 24 Minn. 350; *Weed* v. *Little Falls & D. R. Co.*, 31 Minn. 154; *Mower* v. *Staples*, 32 Minn. 284.

The court erred in ordering judgment for plaintiff for the reason that the legislature had legalized the corporation by a valid curative act, Laws 1887, ch. 132, and the corporation was thereafter and from the beginning by relation back, a legal body. *Ross* v. *Worthington*, 11 Minn. 438, (Gil. 323.)

*Wilson & Van Derlip*, for respondent.

The curative act, Laws 1887, ch. 132, did not validate the attempted incorporation, so as to affect prior contracts and the rights of parties growing out of them. The notes in suit were made in February, 1885, and when delivered to plaintiff constituted and were absolute obligations on the part of the associates to pay the amount of money named in them; there being at the time no effectual corporate existence, the associates who acted under the assumed name of Mouse River Land Company, were individually obligated for the payment of the notes, their issue having been duly authorized. This liability continued notwithstanding the curative act relied upon by defendants, and did not relieve them from it. *King* v. *President, etc., of Dedham Bank*, 15 Mass. 447; *McCracken* v. *Hayward*, 2 How. 608.

Under Rule nine (9) of this court the tenth assignment of errors will not be considered. Included in that assignment are twenty-five alleged errors of the court in ruling upon the admission of evidence. If such an assignment of error be sufficient under the rule, there is no reason why those preceding it might not have been also embraced in the same general paragraph, and the beneficial purpose of the rule nullified.

The judgment ordered by the court was right, and the order appealed from should be affirmed. The rule of law governing the determination of this case was enunciated by this court in *Johnson* v. *Corser*, 34 Minn. 355; *Gale* v. *Townsend*, 45 Minn. 357.

VANDERBURGH, J. This action is brought against the defendants to recover upon certain promissory notes executed by the Mouse River Land Company, upon which defendants are alleged to be personally liable, on the ground that they were associated together in business under that name, and that the notes were executed by their authority and direction. There is evidence showing that the defendants attempted to perfect a corporate organization under the name of the "Mouse River Land Company." They signed, filed, and published articles of incorporation, in due form, but failed to file the proper affidavit of publication, as required by the statute.

The defendants were named as directors of the corporation, and the evidence tends to show that the notes in suit were executed in the corporate name by the president and secretary of the company, to secure a portion of the consideration for land sold and conveyed by plaintiff to the corporation as grantee, and the notes were secured by a mortgage, in like manner executed in the corporate name. It would perhaps have been a serious question for the consideration of the court, under the evidence in the case, if proper findings had been made, whether the defendants, for the purposes of this case, should not have been held to be a corporation *de facto*. So that if the plaintiff in these transactions dealt with the company as a corporation, and the deed, notes, and mortgage were given and received as corporate contracts by and between the parties, the individual members ought not to be charged with a joint liability, as partners or

otherwise, contrary to the mutual understanding of all parties as to the nature of the contract, solely on the ground of a technical omission to file the affidavit of publication.

And it may be, if the record were such as to bring the case within the rule in respect to parties contracting with *de facto* corporations, and under which they are estopped to deny the corporate existence of an association claiming to be and acting as a corporation, a more equitable result might have been reached in this case. But that question is not fairly in the case, and cannot be considered under the assignments of error. No reference is made in the pleadings to the existence of a corporation.

The complaint alleges that the defendants were associated in business under the name of the "Mouse River Land Company," and as such caused the notes in suit to be executed. The case was not tried upon the theory that they were a corporation *de facto;* nor is the point fairly raised by the assignments of error. The defendants deny that they were associated together as alleged, and deny that the company executed the notes. The principal question of fact litigated before the court was that of the authority of the officers to execute the notes in behalf of the defendants.

The first five assignments of error relate exclusively to the findings of fact in the case, and it is claimed that these findings are not supported by the evidence. We have carefully examined all the evidence, and we think there is evidence sufficient to support them, so that this court will not undertake to interfere on that ground.

And the conclusion of law which is the basis of the seventh assignment of error is clearly warranted by the facts found.

The sixth assignment of error raises the question of the existence of the Mouse River Land Company as a corporation *de jure,* and the effect of the act of 1887, validating certain corporate organizations. Laws 1887, ch. 132. The ruling of the court was right as to the effect of this act of 1887 upon the cause of action in suit, though based on a wrong reason. The effect of the act was to legalize the corporation by force of the act, but it could not take away intervening vested rights; hence, as these notes were

held by plaintiff when the act was passed, it could not cut off or destroy his right of action thereon, if any he had.    What the effect would have been if the record had shown that they were corporate notes, and the statute was merely giving effect to the understanding and intentions of the parties in their dealings with each other under the corporate name, we do not inquire.

Under 1878 G. S. ch. 34, § 3, as amended by Laws 1874, ch. 60, § 1, the filing of the affidavit of publication with the secretary of state was made essential to the existence of a corporation, whether created under title one (1) or title two (2) of that chapter.

The eighth assignment of error, that Brown was not also made a party defendant, cannot be sustained.    Brown, who was a member of the association and the agent of it, ought to have been made a party defendant, but was not.    This objection was not taken by answer.    The fact that he should have been a party appeared at the trial, and there was no application to have him made a party.    It is certainly too late now to raise the objection.

The ninth assignment is covered by what has already been said in disposing of the others.

The objection of plaintiff to the consideration of the tenth assignment must be sustained.    In it a large number of rulings and objections, each of which, if worthy of notice, should have been a separate assignment, are grouped together in violation of rule nine (ix.) of this court.    33 Minn. xix., (25 N. W. Rep. iii.)

It will not do to group all the rulings of the court upon the reception and rejection of testimony under one assignment, and leave the court to pick out such as it may deem necessary to consider, and treat them as subdivisions or parts of one general assignment.

Order affirmed.

(Opinion published 51 N. W. Rep. 663.)