DULUTH INVESTMENT COMPANY v. N. H. WITT.[1]

January 28, 1896.

Nos. 9529—(89).

**Action to Enforce Subscription to Corporate Stock—Complaint.**

Where the complaint in an action brought to enforce payment on a subscription for stock shares fails to allege that all of the shares have been subscribed for; but it is alleged that the corporation was duly organized; that the defendant subscriber thereafter paid the required admission fee on each share subscribed; that he then paid a certain number of monthly instalments (assessments) thereon; that he received and retained a duly executed stock certificate, and has been credited with a dividend upon his shares,—a good cause of action is set forth.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., overruling a demurrer to the complaint. Affirmed.

*Schmidt & Reynolds*, for appellant.
*Smith, McMahon & Mitchell*, for respondent.

COLLINS, J. It was set forth in the complaint herein, among other allegations, that in the month of June, 1890, defendant subscribed for a stated number of shares of the capital stock of this plaintiff, a corporation to be thereafter organized, divers other persons subscribing at the same time; that afterwards, on June 30, the articles of incorporation were duly executed, and that plaintiff then became, and ever since has been, a corporation duly organized and existing under the laws of this state; that on July 2 defendant paid to the corporation the sum designated in the by-laws as the admission fee upon each of the shares he had so subscribed for, and at the same time paid on each share of the stock the monthly instalment (assessment) required to be paid under said by-laws; that on September 1 the corporation duly issued and delivered to him a duly-executed certificate for the subscribed shares of its stock; and that the certificate was duly received and accepted by him. It was also alleged that, after paying the admission fee and

[1] Reported in 65 N. W. 956.

the July instalment, defendant paid the monthly instalments upon each of his shares for the months of August, September, October, and November, 1890, and that upon the books of the corporation he had been credited with one dividend on each share, equal in amount to one instalment.

Conceding the general rule to be that payment of subscriptions for stock shares cannot be enforced until the whole amount of shares has been subscribed, which rule seems to have been recognized by this court in Masonic Temple Assn. v. Channell, 43 Minn. 353, 45 N. W. 716, we are of the opinion that from these allegations, in connection with others found in the complaint, it may be presumed either that the fixed amount of shares had been subscribed for, or that defendant, by his acts, had waived the right to defend against an action upon his subscription on this ground. A prima facie cause of action was set out.

Order affirmed.