LODOWIC D. HAUSE, Receiver, v. ROBERT MANNHEIMER.[1]

January 15, 1897.

Nos. 10,208—(206).

### Corporation—Estoppel to Deny Existence.

In an action to recover the balance of an unpaid subscription for stock, *held*, the defendant recognized, dealt with, and became a stockholder in a de facto corporation, and is now estopped from questioning its existence, or asserting that it never was legally organized, by reason of a failure to comply with the statute in filing with the secretary of state proof of the publication of its articles of incorporation, as required by G. S. 1894, § 2594.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff, entered in pursuance of the findings and order of Kelly, J. Affirmed.

*C. D. & Thos. D. O'Brien*, for appellant.

*Henry B. Farwell*, for respondent.

CANTY, J. The articles of incorporation of the St. Paul Athletic Park Association were duly made, and were filed in the office of the secretary of state and also in the office of register of deeds of Ramsey county, in April, 1888, and thereafter, in the same month, were published every day for a week in a daily newspaper published in St. Paul, in that county, but no affidavit of proof of such publication was ever filed in the office of the secretary of state, as required by G. S. 1894, § 2594. In Christian v. Bowman, 49 Minn. 99, 51 N. W. 663, this court held the filing of such affidavit essential to the creation of a corporation de jure.

On April 2, 1888, the defendant agreed with the promoters of this proposed corporation to subscribe for ten shares of its capital stock, of the par value of $100 each. The association began to do business in April, 1888, and continued to do the business for which it was organized until March, 1894, when, being insolvent, the plaintiff was appointed receiver for it in an action under G. S. 1894, c. 76. In the meantime there had been meetings of the stockholders and board of directors of the association, it had elected

[1] Reported in 69 N. W. 810.

officers, "purchased and took a conveyance to itself as a corporation" of certain real estate in West St. Paul, caused the same to be improved by building thereon, and expended large sums of money therefor. On May 12, 1888, defendant, by his duly-authorized agent, paid the association $400 as a payment on such stock, and such agent received a certificate of stock for said ten shares of stock, signed by the president and secretary of the association, and sealed with its corporate seal. "Thereafter, and on or before May 1, 1889," defendant paid $200 more on said stock. The receiver brought this action to recover the balance of $400. The court below found for plaintiff, and, from the judgment entered thereon, defendant appeals.

The only ground for reversal urged by appellant is that, as no proof of the publication of the articles of incorporation was ever filed in the office of secretary of state, the alleged corporation was never legally created, and he contends that, therefore, plaintiff is not entitled to recover on the stock subscription. We cannot so hold. Under the definition of a corporation de facto laid down in Finnegan v. Noerenberg, 52 Minn. 239, 53 N. W. 1150, this association was such a corporation. But that is not all. Defendant dealt with the association as a corporation, and as a member thereof. As held in Foster v. Moulton, 35 Minn. 458, 29 N. W. 155, such an association, though not a corporation de jure, is, as between itself and its members, to be treated as a corporation de facto. See, also, Minnesota G. L. E. Co. v. Denslow, 46 Minn. 171, 48 N. W. 771; Columbia E. Co. v. Dixon, 46 Minn. 463, 49 N. W. 244. In such a case the member is estopped from denying the existence of the corporation.

Of course, if appellant had never recognized the existence of this corporation, and had never dealt with it as such, he would not be thus estopped. The making of the original subscription before the association was formed, or claimed to be formed, would not be such a recognition or such a dealing. He contends that he has never since recognized it or dealt with it. The court below found as facts:

"That the defendant never had any personal knowledge of the transaction of any business by said association, or of the amount of the stock to be issued by it, or the amount that was subscribed for it,

or any personal knowledge of the issuance to himself of the stock certificate hereinbefore mentioned, except that after said certificate was delivered to said Goodkind [said agent] for defendant, but exactly at what time does not appear, the defendant was told that said certificate had been so delivered to, and received by, said Goodkind."

But the court also found that the agent, Goodkind, was authorized by appellant to pay the $400 for him, and that, at the time Goodkind paid it, the association delivered the stock certificate to him for defendant.

Again, the appellant himself afterwards paid $200 on the stock. Then, even if he did not have any personal knowledge of the transactions of the association, there were sufficient circumstances known to him to put him on inquiry. He paid $600 on his stock subscription, and, according to his own position, neglected for five or six years to inquire what had become of the $600 or the association, and during all of this time, both before and after he paid this money, the association was carrying on, in a most open and public manner, the very business for which it proposed to organize. If Goodkind was authorized to receive the certificate, his act in receiving it was the act of his principal. If he was not so authorized, still the long delay of the principal, and his failure to repudiate his agent's act in receiving the certificate, in connection with the other facts found by the court, conclusively show a ratification of such act by the principal. In either case the act of the agent in recognizing and dealing with the association must be regarded as the act of appellant; and this was followed up by the appellant's personal act in paying $200 more to the association.

Judgment affirmed.