WALTER A. WOOD HARVESTER CO. v. RUFUS C. JEFFERSON and
Another.[1]

January 31, 1898.

Nos. 10,859—(265).

Corporation—Subscription to Stock—Tender of Certificate—Pleading.
    A certain agreement *held* to be a subscription to stock, not a sale of
    stock; that it was not necessary to tender the stock before bringing
    suit; and that it was sufficient to allege that the corporation was ready
    and willing to deliver the stock.

Same—Evidence.
    Certain evidence *held* not within the issues.

Same—Error without Prejudice.
    The admission of certain evidence conceded to be immaterial *held* to be
    error without prejudice.

Same—False Representations.
    On the pleadings and evidence, certain false representations, made at
    the time of subscribing for the stock, and which induced defendants to
    subscribe, *held* to be immaterial.

Same—Conditions of Subscription—Subscriptions Ultra Vires—Waiv-
er.
    The subscription contract was conditioned on a certain amount of stock
    being subscribed for. Several of the subscribers were corporations,
    whose articles of incorporation did not authorize them to subscribe for
    the stock, but enough of these paid in full to make, with the other sub-
    scribers, the amount so called for. Defendants, when they subscribed,
    knew that these corporations had subscribed, and defendants afterwards
    paid a part of the amount of their subscription. Under these circum-
    stances, *held*, the defendants waived the objection that the subscriptions
    of these corporations were ultra vires, even if that objection could be
    made in this action.

Appeal by defendants from an order of the district court for
Ramsey county, Brill, J., denying their motion for a new trial after
a verdict for $6,209.65 in favor of the receivers of the Walter A.
Wood Harvester Company, pursuant to the direction of the court.
Affirmed.

[2] Reported in 74 N. W. 149.

*Owen Morris,* for appellants.

A tender of the stock, prior to suit, or a readiness and a willingness to deliver, coupled with notice thereof, is necessary to entitle plaintiff to recover. St. Paul v. Robbins, 23 Minn. 439; Walter A. Wood v. Jefferson, 57 Minn. 456; James v. Cincinnati, 2 Disney, 261; Bruce v. Tilson, 25 N. Y. 194; Clark v. Continental, 57 Ind. 135.

*Munn & Thygeson,* for respondents.

The agreement was a subscription to the capital stock of the company and not a purchase of shares. Walter A. Wood v. Robbins, 56 Minn. 48; Walter A. Wood v. Jefferson, 57 Minn. 456; Kohlmetz v. Calkins, 16 App. Div. 518; Ottawa v. Black, 79 Ill. 262; Lincoln v. Sheldon, 44 Neb. 279; Wemple v. St. Louis, 120 Ill. 196; Hawley v. Upton, 102 U. S. 314. It was not necessary to allege or prove a tender of a stock certificate as a condition precedent to recovery. Columbia v. Dixon, 46 Minn. 463; Marson v. Deither, 49 Minn. 423; Mitchell v. Beckman, 64 Cal. 117; Schaeffer v. Missouri, 46 Mo. 248; Holland v. Duluth, 65 Minn. 324; Wankon v. Dwyer, 49 Iowa, 121; Hartford v. Kennedy, 12 Conn. 499; Peninsular v. Duncan, 28 Mich. 130; Haskell v. Sells, 14 Mo. App. 91; Railroad v. Parks, 86 Tenn. 555. The defendants, by the defense set up, showed that they would not have accepted a certificate and that the tender of it would be an idle ceremony which the law does not require. Root v. Johnson (Ala.) 10 South. 293; Dowd v. Clarke, 54 Cal. 48; Brown v. Eaton, 21 Minn. 409; Bucklen v. Hasterlik, 51 Ill. App. 132.

CANTY, J.[2]

This is the second appeal in this action. See 57 Minn. 456, 59 N. W. 532. After the last appeal the complaint was amended by alleging that the plaintiff corporation is able, ready and willing to deliver to the defendants the shares of stock so subscribed for by them. On the trial thereafter had, the court ordered a verdict for plaintiff for the amount claimed, and from an order denying a motion for a new trial defendants appeal.

1. The stock subscription on which this action is brought is in the following form:

[2] BUCK, J., absent, took no part.

"We, the undersigned, severally subscribe for and agree to take and pay for the number of shares set opposite our names, respectively, of the capital stock of the Walter A. Wood Harvester Company (being the same corporation formerly known as the Minneapolis Harvester Works), of the par value of one hundred dollars each.

"These subscriptions shall become binding as soon as stock in the said company to the amount of $1,500,000 at par value shall have been subscribed for, of which amount stock to the amount of $750,-000 at par value shall be subscribed for by the Walter A. Wood Mowing & Reaping Machine Company of Hoosick Falls, N. Y., or by the stockholders in that company. The payment on the subscriptions shall be made in instalments as called for by the board of directors of said company, and at such times as said board shall direct, provided that not more than fifty per cent. thereof shall be called for or be payable within one year from the first day of January, A. D. 1892."

Among others who signed it, the appellants signed for 50 shares. We are clearly of the opinion that this was a subscription for stock, not a sale of stock, and that a tender of the stock before bringing suit was not necessary; that it was sufficient to allege and prove that plaintiff is ready and willing to deliver the stock on receiving payment, and this is all that was held on the former appeal.

2. Appellants assign as error that they were not allowed to prove that several other subscribers to this agreement had paid for their stock in property worth less than the amount subscribed. These assignments of error are not well taken, if for no other reason, because no such defense is pleaded.

3. The testimony that the plaintiff corporation expended money for the purposes for which it was organized, may, as appellants claim, have been wholly immaterial, and if so its admission is error without prejudice.

4. Appellants offered to prove that it was falsely represented to them by the person who solicited their subscription, and by another who subsequently became an officer of the corporation, that the corporation was to be a branch of the Walter A. Wood Mowing & Reaping Machine Company of Hoosick Falls, N. Y., and that its factory was to be located in a certain portion of St. Paul, and that they were induced to sign the subscription list by reason of these representations. The offer was refused. It was not competent

71 M.—24

for several reasons. The subscription signed showed that it was not a branch of the New York corporation. While the answer set up these false representations, it did not allege that the stock or assets of the .plaintiff corporation were worth any less than they would have been if the representations were true, and it alleges that the stock is worth one hundred dollars per share. The evidence was not competent, because it did not appear that the other subscribers to the agreement were privy to, or had any notice of, these false representations. See Minneapolis v. Davis, 40 Minn. 110, 41 N. W. 1026.

5. A large number of the subscribers to this agreement were corporations, among them the Walter A. Wood Mowing & Reaping Machine Company of New York. It is claimed by appellants that these corporations had no authority under their articles of incorporation to subscribe for this stock; that their acts in doing so were ultra vires; that, if the subscriptions of these corporations are rejected, the remaining amount subscribed will not be sufficient to comply with the terms of the contract, which provides in effect that it shall not be binding until stock to the amount of $1,500,000 is subscribed for. It appears by the evidence that all of these corporations have paid their subscriptions in full except two; that the total amount of the subscriptions of these two is but $5,000; and that the balance of the total amount of the subscription, after deducting that sum, is $1,503,150, being more than the amount required by the contract to make the subscription binding.

Besides, appellants signed the contract after most of these corporations had, by their officers, signed it, and must be held to have known that their signatures were then on the paper. Appellants paid five per cent. of their subscription, and so far as appears never made any objection to the signatures until after this action was brought. Under all of these circumstances, the objection was clearly waived, even if it could ever have been made at all in such an action as this. See Union v. Hersee, 79 N. Y. 454; U. S. v. Foehrenbach, 148 N. Y. 58, 42 N. E. 403. See, also, Hause v. Mannheimer, 67 Minn. 194, 69 N. W. 810; Duluth v. Witt, 63 Minn. 538, 65 N. W. 956.

There is nothing in appellants' claim that it was error to receive

evidence as to the different calls made by the board of directors for the unpaid subscriptions on all of the stock. This disposes of the case.

Order affirmed.