DAVIS v. CONGREGATION BETH TEPHILAS ISRAEL et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. RELIGIOUS CORPORATIONS—CONSOLIDATION AGREEMENT—ULTRA VIRES.

Religious corporations have no common-law or statutory authority merely by a mutual agreement to consolidate their assets and members under a name slightly different from that of one of them, though they may merge and form a new corporation under Laws 1895, c. 723, § 12, and chapter 559, § 7.

**2. SAME—ACTION TO SET ASIDE CONSOLIDATION AGREEMENT—PARTIES.**

A single member of a corporation may maintain an action to set aside an ultra vires agreement to consolidate with another corporation.

**3. SAME.**

He may maintain the action, though he was not prejudiced by the agreement under which the corporation of which he was a member acquired all the property of the other.

**4. SAME.**

He may maintain the action, as a member of a religious corporation, though under the by-laws he is not in good standing, by reason of his failure to pay his dues.

**5. SAME.**

He may maintain the action without making a demand on the officers of the corporation of which he is a member, where they participated in the agreement.

Appeal from special term, New York county.

Action by Simon Davis against the Congregation Beth Tephilas Israel and another to set aside a consolidation agreement between defendants. Judgment for defendants, and plaintiff appeals. Reversed.

On May 31, 1897, the two defendants, religious corporations, signed, through committees, an agreement to consolidate into one. This agreement was on June 2, 1897, reduced to English, and signed by the parties. The action is brought to set aside this latter agreement. By it the two defendants "united and consolidated into one congregation," to be known as the Congregation Beth Tephilas Israel of New York City, and to be governed "by the constitution and by-laws of said Congregation Beth Tephilas Israel." The Congregation Anshi Emeth agreed to transfer all of its property "to said Congregation Beth Tephilas Israel," and the latter agreed to accept all the members of the former as its members, to be "entitled to all the rights and privileges, and subject to all the duties, responsibilities, and liabilities of members of said Congregation Beth Tephilas Israel." It was provided that if, at any time within one year, a majority of the members of either congregation became dissatisfied, the congregation containing such members might withdraw upon giving notice to the other congregation. The complaint alleges that the consolidation agreement was illegal, and also that a majority of the members of the Congregation Beth Tephilas Israel signified their election to withdraw in the manner specified therein. The relief demanded is that the agreement be set aside, and that the defendants account for, and restore to each other, all the property received thereunder.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Harold Nathan, for appellant.
J. P. Salomon, for respondents.

BARRETT, J. The plaintiff alleges that the consolidation agreement is illegal, and his demand is that it be adjudged void. We shall therefore consider but this one question.

This agreement did not affect the corporate existence of either defendant. There was no merger. Legislative authority existed, permitting them to merge and form a new corporation. Religious Corporations Law (Laws 1895, c. 723, § 12); Membership Corporations Law (Laws 1895, c. 559, § 7). But no attempt whatever was made to comply with either of these statutory requirements. Thus, we have simply an agreement to consolidate the assets and members of the two corporations,—to combine them under a slightly

different name.   There was no authority, either common-law or statutory, for such an arrangement.   At common law corporations have, as was said in New York & S. Canal Co. v. Fulton Bank, 7 Wend. 412, "Certain powers, but not such as would authorize the forming of a partnership, or the consolidation of two corporations into one."   Legislative authority is necessary to accomplish such a result, and that already referred to does not validate the defendants' acts, since there was no compliance with the conditions upon which it was granted.   See People v. North River Sugar-Refining Co., 121 N. Y. 624, 24 N. E. 834.   The agreement was therefore ultra vires, and it has long been settled that a single dissenting member of a corporation may maintain an action to set aside such an agreement, or to restrain the corporation from proceeding in any transaction which is manifestly beyond its powers.   27 Am. & Eng. Enc. Law, p. 396, and numerous cases there cited.   The result would be the same if we should accept the paper executed in Hebrew on the 31st day of May, 1897, as expressing the true agreement of the parties.   It is open to precisely the same objections, and in fact does not essentially differ from that of June 2, 1897.

It is argued that the congregation of which the plaintiff was a member acquired all the property of the other, and hence that he was in no way prejudiced.   This is no answer to the plaintiff's complaint.   He has a right to keep the corporation of which he is a member within its chartered powers.   And the ultra vires act cannot be defended by the pretense that it is advantageous.   Tomkinson v. Railway Co., 35 Ch. Div. 677; Mills v. Railroad Co., 41 N. J. Eq. 1, 12, 13, 2 Atl. 453.   It is quite problematical, however, whether the combination here was in reality advantageous either to the plaintiff or to his congregation.   The Congregation Beth Tephilas Israel accepted all the members of the other congregation along with its property.   The plaintiff was thus compelled to accept these new members as his associates.   His rights in the property of his own corporation were thus proportionately diminished.   Whether this was made up to him by the property brought in by the other corporation—whether, in fact, his share of the combined property proportionate to the combined membership was greater or less than his previous proportion of the property of his own corporation—is, to say the least, uncertain.   Such considerations, however, are here of no moment.   The court cannot require the plaintiff to submit to an ultra vires agreement upon any such consideration of supposed advantage.

It is contended further that plaintiff was not a member of the Congregation Beth Tephilas Israel at the time he began this action.   It appears that he was in arrears for dues.   The by-law relating to the subject of unpaid dues was not put in evidence, and only oral versions of it are given.   These fail to show whether, upon nonpayment of dues to a certain amount, the membership of the person in default ipso facto terminated, or whether the by-laws merely provided that he became liable to expulsion.   In the latter case it is clear that plaintiff remained a member until corporate ac-

tion was had. Thomp. Corp. § 881. The defendant, in its answer,. does not claim that the plaintiff's membership, upon nonpayment of dues, ipso facto terminated. The complaint alleges that "at all the times herein stated plaintiff was a member in good standing" of the Congregation Beth Tephilas Israel. The answer "denies that at the time of the commencement of this action said plaintiff was or is a member in good standing of this defendant, but alleges that, in and by the constitution and by-laws of this defendant, all of its members are required to pay dues to this defendant, and that, in the event of the failure of a member to pay such dues at the time or in the manner therein set forth, such member ceases to be and remain in good standing as such member." The effect of this is an admission that the plaintiff was a member, coupled with an assertion that he was not in good standing. But his membership entitled the plaintiff to maintain the action. His standing did not affect his legal rights, although it may have subjected him to internal discipline.

There is a further question, namely, whether it was incumbent upon the plaintiff to allege and prove that he made a demand upon the proper officers of the Congregation Beth Tephilas Israel to bring this action, which demand was refused. This question, however, was not raised in any manner at the trial, or in the pleadings; and we need not, therefore, give it any special consideration. We may say, however, that there is authority for the proposition that where the managing agents of the corporation are themselves the authors of the wrong against the corporation involved in the ultra vires act, or where the corporation cannot safely be left to obtain relief through the action of its agents, a stockholder may proceed directly, and without any demand against the corporation and the other interested parties, to set aside such acts, and to obtain relief with regard thereto. Heath v. Railway Co., 8 Blatchf. 347,. 406, 407, Fed. Cas. No. 6,306; Board of Com'rs of Tippecanoe Co.. v. Lafayette, M. & B. R. Co., 50 Ind. 85, 115, 116. And see Currier v. Railroad Co., 35 Hun, 355, and 1 Mor. Priv. Corp. §§ 242, 245.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.