### CHEVRA MEDRASH AUSCHEI MAKAVER v. MAKOWER CHEVRA AUCCHEI POLAND et al.

(Supreme Court, Special Term, New York County.   May 25, 1899.)

RELIGIOUS SOCIETIES—ULTRA VIRES ACTS—CONSOLIDATION—ACTION TO SET ASIDE—PRIOR REQUEST—NECESSITY.

> Where two religious corporations have consolidated without attempting to follow the provisions of the statute provided therefor, either party to such action may sue to set aside the consolidation as ultra vires, without any prior request so to do from its members.

Action by Chevra Medrash Auschei Makaver against Makower Chevra Aucchei Poland and others to set aside a consolidation of the two congregations.   Judgment for plaintiff.

H. B. Davis, for plaintiff.
Chas. G. F. Wahle, for defendant.

BOOKSTAVER, J.   I cannot discover that this agreement is essentially different from the one that was disapproved and set aside by the appellate division of this department in a decision made May 5, 1899, in Davis v. Congregation Beth Tephilas Israel (Sup.) 57 N. Y. Supp. 1015.   In this case, as in that, the religious bodies sought, in substance, to effect a consolidation not permitted to corporations by common law, nor by statute, except in accordance with prescribed conditions, which were not complied with in this case.   Whether or not the officers of the plaintiff were directed by a majority vote of the members to bring this action is immaterial.   The request of a single member would have been sufficient to that end.   Besides, it was their official duty, without prompting from any source, to keep their corporation within its chartered powers.   There is no proof that the plaintiff has received such benefit, or the defendant suffered such injury, from the partial performance of the unlawful agreement, as to warrant an application of the doctrine of estoppel, which is sometimes held to prevent any attempt to take advantage of the plea of ultra vires where to allow it would work injustice.   That this doctrine of estoppel should be applied more cautiously in cases of religious corporations than in cases of business corporations is obvious.   The plaintiff should have judgment for the relief demanded, with costs.   Let decree be settled on notice before Thursday next.