CASE 53—ACTION BY STEPHEN STAHR AGAINST THE HICK-
MAN GRAIN CO, &c. FOR BREACH OF CONTRACT,
FEBRUARY 26.

# Stahr v. Hickman Grain Co.

Appeal from Fulton Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiff, defendant Stephen Stahr appeals.—Affirmed.

1. Monopolies—Acts Constituting—"Combination."—To show a "combination" in violation of the anti-trust statute, it is necessary to prove that the combination was entered into for the purpose of increasing the price of an article above the real value or depreciating the price below its real value.

2. Corporations—Partnership—Actions—Where two corporations or a corporation and a natural person entered into a partnership not in violation of the anti-trust statute, and did business jointly, they might recover on obligations made to them in their firm name, irrespective of their rights as between themselves or of the power of corporations to enter into a partnership.

3. Sales—Refusal to Deliver—Justification—A seller of goods to be delivered before a designated date, who had not declined to accept the script offered by the buyer in payment for goods delivered, could not justify a refusal to carry out the contract on the ground that the payment for goods delivered was not made in legal tender.

4. Sales—Breach of Contract—Damages—Where a seller who had the right to make delivery at any time up to a designated date failed to deliver, the market price on the designated date must be taken into consideration in determining the damages.

5. Sales—Breach of Contract—Application of Buyer—A buyer of goods who bases his claim to damages for the seller's failure to

Stahr v. Hickman Grain Co.

deliver on profits which he could have realized must minimize the damages by going into the market and purchasing as much of the goods as possible, but a buyer asking damages for the difference between the contract price and the market price need not attempt to buy other goods.

6. Sales—Instructions—"Sound"—"Good."—In an action for the breach of a contract calling for the delivery of "good merchantable corn," an instruction using the phrase "sound merchantable corn" is not erroneous, for the words "sound" and "good" mean substantially the same.

B. F. CARR and F. A. MOORE for appellant.

### AUTHORITIES CITED.

Kentucky Statutes, Sections 566 and 3915 to 3918; Van Meter vs. Spurrier, 94 Ky., page 23; Smith vs. Robertson, 106 Ky., page 478; Cincinnati Cooperage Company vs. Bate, 96 Ky., page 356; Asberry vs. Macklin, 3 T. B. Monroe, page 10; Hume vs. Mullin, 18 Ky. Law Rep., 108; or 35 S. W. 551; L. & N. R. R. Co. vs. Harrod, 115 Ky., 877; or 25 Ky. Law Rep. 260; or 75 S. W. 233; Tradewater Coal Company vs. Lee, 24 Ky. Law Rep. 215; or 68 S. W. 400; Dryden vs. Lewis, 5 Dana, 139; Johnson vs. Mason Lodge, 106 Ky., 838.

ROBBINS and THOMAS for appellee.

### AUTHORITIES CITED.

Thompson on Corporations, Section 5838; Catskill Bank vs. Gray, 14 Barb, 471; Bates vs. Coronado Beach Co.; 41 Pacific Rep., 855; Valley, etc. R. R. Co. vs. N. Y. etc. R. R. Co., 32 Hun, 496; Newport, etc. Bridge Co. vs. Wooley, 78 Ky., 523; 21 Ky. Law Rep., pages 271, 493 and 875.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, Commissioner—Affirming.

The plaintiff, Hickman Grain Company, a partnership composed of the J. F. & S. L. Dodds Company, a corporation organized under the laws of Mississippi,

and the Dahnke-Walker Milling Company, a corpora-tion organized under the laws of Tennessee, instituted this action to recover of the defendants, Stephen Stahr and Ed. Knox, the sum of $662.04 as damages for their failure to comply with their contract to deliver to plaintiffs 1,500 barrels of corn, at $2 per barrel, on or before January 1, 1908. The original petition was bas-ed upon the idea of the profits which plaintiffs might have made on the corn in question. By an amended petition they limited their damages to the difference between the contract price and the market price on January 1, 1908, and asked damages in the sum of $551.70. The jury returned a verdict in favor of plain-tiffs for the sum of $441. From the judgment based thereon, the defendant, Stephen Stahr, appeals.

The contract between the parties is in writing, and is as follows: "Hickmar, Ky., August 27, 1907. I have this day sold to the Hickman Grain Company, of Hick-man, Ky., 1,500 barrels of ear corn, to be of good mer-chantable condition, to be delivered at Hickman at their switch at West Hickman, by January 1, 1908, price to be $2.00 per barrel. (Signed) Ed. Knox, Steve Stahr." It is claimed by defendant that the court erred in sustaining a demurrer to certain para-graphs of his answer and counterclaim, and in the giving and refusing of certain instructions.

One of the defendant's defenses was that the alleg-ed partnership between J. F. & S. L. Dodds Com-pany and the Dahnke-Walker Milling Company was a combine, agreement, and understanding between the two corporations for the purpose of controlling, regulating, and fixing the price of corn at West Hick-man in Fulton county, Ky. This defense, even if available by defendant, was not properly pleaded.

Under the latest ruling of this court, it is necessary, in order to show that the combine, agreement, or understanding is unlawful, to state facts showing that it was entered into for the purpose of increasing the price of the article above its real value, or depreciating the price below its real value. Commonwealth v. International Harvester Co. (opinion delivered January 26, 1909) 115 S. W. 703; American Tobacco Co. v. Commonwealth (decided January 29, 1909) 115 S. W. 754.

The next defense relied upon was that the two corporations had no right to form the partnership in question; that at the time defendant entered into the contract he was ignorant of the fact that the Hickman Grain Company was composed of two corporations. Without entering into a discussion of the question when and under what circumstances corporations may enter into a joint enterprise and thus become partners therein, we deem it sufficient to say that, even if the two corporations composing the Hickman Grain Company had not the legal right to enter into a joint undertaking, this fact would not be available as a defense by defendant. Where two corporations or a corporation and a natural person have assumed to enter into a partnership, not in violation of the antitrust statute, and have done business jointly, they may recover upon obligations made to them in their partnership name, irrespective of their rights and duties as between themselves, or of the power of the corporation to enter into a partnership. 10 Cyc. 1143; French v. Donohue, 29 Minn. 111, 12 N. W. 354.

By another paragraph the defendant defended on the ground that the payment for the corn was made in script, which was not a legal tender, and that this

excused him from complying with the contract. As it was not alleged in this paragraph that defendant declined to accept the script that was offered him in payment for the corn which he had delivered to plaintiffs up to the time the contract was abandoned and refused to be carried out by defendant, the trial court concluded that what was tendered was actually accepted by defendant, and therefore constituted no good reason for his failure to carry out the contract. The demurrer was therefore properly sustained.

There was a further plea on the part of defendant that the plaintiffs themselves first violated the contract in question; indeed, this was the only real defense that the defendant had. The question whether or not the contract was violated by plaintiffs or defendant was properly submitted to the jury. In case the jury found for plaintiffs the court fixed the measure of damages as the difference between the market price of the corn on January 1, 1908, and the contract price of $2 per barrel. It is earnestly contended by counsel for defendant that the market price on December 15, 1907, the time when plaintiffs charge the contract was violated by defendant, was the correct date upon which to arrive at the market price. It is manifest, however, that as defendant had until January 1, 1908, to deliver the corn in question, and might have delivered it at any time up to that date, the market price on that date is to be taken into consideration in determining the amount of damages. 1 Sedgwick on Damages, p. 552; Miles v. Miller, etc., 12 Bush, 134.

Counsel for defendant further insists that it was the duty of the court to submit to the jury the proposition whether or not other corn of equal kind could

have been purchased by plaintiffs. Where the parties suing base their right to, and are entitled to, claim damages upon profits which they could have made, it would, of course, under such circumstances, be their duty to minimize the damages by going out into the market and purchasing as much corn as possible. In this case, however, plaintiffs abandoned their right to recover damages by way of possible profits. They finally asked damages for the difference between the contract price and the market price. Under these circumstances, it was not necessary for plaintiffs to go out and attempt to buy other corn. Furthermore, as defendant had until January 1, 1908, to deliver the corn, even had plaintiffs gone out after that time, they could not have purchased it at less than the market price.

Further complaint is made by counsel for defendant that in instruction No. 2 the court used "sound merchantable corn," instead of "good merchantable corn;" the latter phrase being the words of the contract. The meaning of the words "sound" and "good," in the connection in which they were used, is substantially the same. The jury could not have failed to understand what they were called upon to decide. They concluded that there was no merit in the defense interposed by defendant. A careful reading of the record leads us to the same conclusion.

Perceiving no error in the record prejudicial to the substantial rights of the defendant, the judgment is affirmed.