## HARRIE P. DAVIES AND ANOTHER v. THE PRICE MERCHANTS SYNDICATE.[1]

October 8, 1920.

No. 21,865.

**Corporation — sale of stock — action on note for instalment of price — offer to deliver.**

On the facts stated in the opinion it is *held* that a tender or offer to deliver corporate stock to a purchaser not necessary as a condition precedent to the right to sue upon a promissory note given for an instalment of the purchase price.

Action in the municipal court of Minneapolis to recover $500 upon a promissory note. The case was tried before Charles L. Smith, J., who when plaintiffs rested and at the close of the testimony denied defendant's motions for a directed verdict and granted plaintiffs' motion for a directed verdict in their favor. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Eugene S. Bibb* and *O. N. Davies,* for appellant.

*Fifield & Finney,* for respondents.

BROWN, C. J.

Action upon a promissory note in which a verdict was directed for plaintiffs and defendant appealed from an order denying a new trial.

The evidence shows that plaintiffs sold to defendant some 4,300 shares of the stock of a certain corporation at an agreed purchase price. A part of the consideration was paid in cash and a part was represented by promissory notes due at stated times in the future. The note in suit was one of those so given. It has not been paid and the action is brought to recover thereon. Defendant interposed in defense a total failure of consideration. The trial court held by the directed verdict that the defense was not made out by the evidence. In that view we concur. Defend-

[1]Reported in 179 N. W. 215.

ant's evidence tended to show nothing more than that a part of the stock had been delivered to him. The sale of the stock was one transaction, the consideration a lump sum, due in instalments. It is doubtful whether the defense of partial failure of consideration is available in such a case. Leighton v. Grant, 20 Minn. 298 (345); 8 C. J. 751. But we do not decide the point. It is unnecessary on the facts disclosed by the record. The sale involved 4,300 shares of the stock; something over 3,000 shares have been delivered to defendant, and plaintiffs stand ready to deliver the balance on payment of the purchase price. While some of the evidence on this point was excluded on the objection of defendant, enough was received to which no objection was made to establish the fact of readiness to deliver the stock, and the case must be viewed in that light; in fact, defendant makes no claim that plaintiffs are not in position to make such delivery. And, moreover, the contract contains no provision requiring a delivery of all the stock as a condition to the right to demand payment of the purchase price, and a tender before suit was not necessary. Galbraith v. McDonald, 123 Minn. 208, 143 N. W. 353, Ann. Cas. 1915A, 420, L.R.A. 1915A, 464; W. A. Wood Harvester Co. v. Jefferson, 71 Minn. 367, 74 N. W. 149. The defense pleaded was therefore not made out and a directed verdict for plaintiffs was proper.

Order affirmed.